PENLAND v. INGLE.

(Filed May 23, 1905.)

*Custom, How Proven—Essentials of—Brokers—Commissions for Sale of Land.*

1.  A custom cannot be established merely by the preponderance of the evidence, but the proof must be clear, cogent, and convincing as to the antiquity, duration and universality of the usage in the locality where it is claimed to exist.

2.  The essentials of a valid custom are that it must be uniform, long established, generally acquiesced in, reasonable and so well known as to induce the belief that the parties contracted with reference to it.

3.  A custom which gives to a broker 5 per cent. of the purchase price of land for assisting in its sale, irrespective of the amount, value, or character of the service rendered, is unreasonable and void.

ACTION by Jesse D. Penland against F. P. Ingle, heard by *Judge Thos. J. Shaw* and a jury, at the December Term, 1904, of the Superior Court of BUNCOMBE County.

This was an action by a real estate broker to recover the sum of $250 alleged to be due him for services rendered to the defendant in connection with the sale of a farm in Buncombe County. The farm was sold at the price of $5,000 and the plaintiff, admitting that there was no express contract as to the amount of his compensation, claimed that he was entitled to 5 per cent. commissions on the gross purchase price by virtue of an alleged local custom by which real estate brokers, in the absence of a special contract, were entitled to such commissions for making or assisting in the making of a sale. Verdict for the plaintiff for $250. From the judgment rendered the defendant appealed.

*Davidson, Bourne & Parker* for the plaintiff.
*Frank Carter* for the defendant.

BROWN, J. The court charged the jury that the custom may be established by the preponderance of the evidence. In this there is error. While it may be considered settled at this day, according to the views of *Gray, Chief Justice,* as expressed in *Jones v. Hoey,* 128 Mass., 585, that a custom may be established by one witness, yet the testimony of that witness must be sufficiently convincing and patent to create in the minds of the jurors a full conviction of the existence of the custom. A custom cannot be said to be an established one if it is in serious dispute and can only be determined by carefully and nicely adjusting the scales to ascertain which side preponderates. The character and description of evidence admissible for establishing the custom is *the fact* of a general usage and practice prevailing in the particular trade or business, and not the opinions of witnesses as to the fairness or reasonableness of it. While many early cases

held that the custom could not be established by one witness, this rule has been almost universally departed from. It is nevertheless true that the custom must be proved by evidence sufficient to satisfy the jury clearly and convincingly that such a usage existed, as can fairly be presumed to have entered into the intention of the parties when they entered into the contract. The character of the proof must be clear, cogent and convincing as to the antiquity, duration and universality of the usage in the locality where it is claimed to exist. *Robinson v. S. S. Co.,* 75 Hun., 431; *Robinson v. Butterworth,* 80 U. S., 363; 29 A. & E. Enc. (2nd Ed.), p. 415. Where the evidence is uncertain and contradictory, the custom is not established and the court should so instruct the jury. *Desha v. Holland,* 12 Ala., 513; *Parrott v. Thacher,* 9 Pick., 426; 12 Cyc., 1101; *Bissell v. Ryan,* 23 Ill., 517.

It is contended that the custom is not a valid custom because unreasonable. The appellate court of Illinois states the essentials of a valid custom as follows: "It must be uniform, long established, generally acquiesced in, reasonable and so well known as to induce the belief that the parties contracted with reference to it." *Sweet v. Leach,* 6 Ill. App. Div., 212. All the authorities sustain that statement.

The reasonableness of the custom relied on in this case is assailed because it does not take into consideration the character of the service rendered. The defendant contends that the custom to pay 5 per cent. commission on the purchase price is restricted to those cases where the broker furnished the customer and was the procuring cause of the sale, and that a custom, if any existed, which allowed 5 per cent. for the services which the defendant testifies were rendered by the plaintiff in this cause, is unreasonable. In this view we concur.

The testimony of the defendant tends to prove that he saw the advertisement and first opened negotiations with the commissioners; that he met the plaintiff accidentally and asked

him to go with him to inspect the County Home Place which the commissioners desired to exchange with the defendant for his farm. The plaintiff did as requested, and on their return they met the commissioners and some chaffering took place. Next morning the defendant alone met the commissioners and, together, they went out and inspected the defendant's place. The plaintiff was invited to go and said "I can't go." The defendant went with the commissioners and "Talked it up to the best advantage I knew how, and they agreed to take it and pay me $5,000 and give me the County Home."

The court should have presented this view to the jury and instructed them that if such be the true facts, the plaintiff would be entitled to recover the actual value of his services only, irrespective of any alleged custom. The court in *Sweet v. Leach, supra,* in speaking of the reasonableness of a custom relied on in that case, says: "Again, a custom, to be binding, must be reasonable and certain. If the custom contended for is binding, it would follow that an employer must pay for the entire period of time covered by the contract of hire, however small might be the amount of the service rendered." We likewise are of opinion that a custom which gives to the broker 5 per cent. of the purchase price of land for assisting in its sale, irrespective of the amount, value or character of the services rendered, is unreasonable and void.

The proper office of a custom or usage in business is to ascertain and explain the intent of the parties, and it cannot be in opposition to a principle of general policy that forbids an unreasonable usage as interpreting their acts.

New Trial.