### T. S. McDEARMAN v. L. C. MORRIS.

(Filed 1 March, 1922.)

**1. Contracts—Custom.**

A usage or custom to be taken as a part of a contract entered into by the parties, when not excluded by its express terms, must be reasonable, but, when fully established, its reasonableness will not be questioned, and the parties will be considered as having agreed to it, and it becomes binding on them as a part of their contract.

**2. Same — Instructions — Warehouseman — Bailment—Rule of Prudent Man—Appeal and Error—New Trials.**

Where there is evidence of an established custom among warehousemen for the sale of leaf tobacco and the buyers on the warehouse floor, that the former insure the tobacco sold for the benefit of the latter until the buyers should have had a reasonable time in which to remove it, and this is the only question at issue, under conflicting evidence, an instruction which confuses this issue with the obligation of the rule of the prudent man, under the circumstances, or the duty of the warehousemen as bailees, is substantial error to the prejudice of the warehousemen, upon which a new trial will be ordered on appeal.

APPEAL by plaintiff from *Calvert, J.,* at second May Term, 1921, of NASH.

Civil action to recover the sum of $636.23, due by contract, and evidenced by three checks given to the plaintiff by the defendant. The amount and correctness of the plaintiff's claim was not denied; but the defendant set up, by way of further defense, a counterclaim in the sum of $513.73 for tobacco sold to the plaintiff, and which was destroyed by fire while on the warehouse floors of the defendant. Plaintiff denied liability upon the ground that although the tobacco had been bid off by him at the sale about two hours prior to the fire, yet it had not been actually delivered or removed, and according to the general custom of the trade then and there prevailing, it was the duty of the defendant to keep such tobacco insured for the benefit of the buyers until they had had a reasonable time within which to remove the same. The defendant carried a policy of insurance covering the "loose leaf tobacco on

the floor and empty hogsheads owned or held by the assured, in trust,. or on commission, or on joint account with others, or sold but not delivered," but contended that the tobacco in question was not included in its terms, and denied the existence of any such alleged custom or its applicability to the defendant's warehouse in Spring Hope. It was further contended by the defendant that the tobacco had been placed in baskets by the plaintiff's agents, and at the time of the fire was only awaiting the arrival of a truck to be carried away. There was also evidence tending to show a local or special custom prevailing on this particular market which was at variance with the general or established custom throughout the tobacco belt, as alleged by plaintiff.

Upon the issues thus joined, there was a verdict on the counterclaim in favor of the defendant. Whereupon his Honor rendered judgment for the difference between the respective amounts, and from said judgment the plaintiff appealed, assigning errors.

*Battle & Winslow and Joseph B. Ramsey for plaintiff.*
*F. S. Spruill for defendant.*

Stacy, J., after stating the facts as above: The only questions presented for our consideration on this appeal are those relating to the defendant's alleged liability for failure to carry insurance for the benefit and protection of the plaintiff while the tobacco, which he had purchased, was still on the warehouse floors of the defendant; it being alleged that such was the general usage and custom under the instant facts and circumstances. The defendant denied the existence of any such usage or custom, and contended that, regardless of the general rule throughout the tobacco belt, no such understanding prevailed in the Spring Hope market.

Much of the argument before us was devoted to the question as to whether, as a matter of law, title to the tobacco was in the plaintiff at the time of the fire; and further, as to whether the same had been delivered in the meaning of the clause in the defendant's insurance policy, "sold but not delivered." Conceding that the legal title had passed to the plaintiff, we apprehend as to whether the tobacco had been *delivered and removed,* as contemplated by the custom or usage, if any, prevailing in said market, is a question of fact to be ascertained and determined by the jury under proper instructions from the court. 17 C. J., 525. What was the custom or usage, if any, obtaining here, which is presumed to have entered into and become a part of the agreement, or with reference to which the parties are presumed to have contracted? This is a question of fact, and it is not admitted. The jury alone may answer it. 17 C. J., 481.

McDEARMAN v. MORRIS.

His Honor, in the beginning of his charge, instructed the jury that the defendant's liability should be tested by the rule of the prudent man, under the instant facts and circumstances, or that he should be held to the duty of a bailee (*Hanes v. Shapiro,* 168 N. C., 24); and in a subsequent portion of his charge there was an instruction which seems to have placed the question of liability upon the existence or nonexistence of a general rule or custom prevailing in said market in regard to the warehouseman carrying insurance for the benefit of the buyers until a reasonable time had elapsed within which they might remove their tobacco from the warehouse floors. These instructions, placed as they were in opposition to each other, we think, were calculated to mislead, and in all probability did mislead, the jury. *S. v. Faulkner,* 182 N. C., 793. The rights and duties of the parties are contractual in their nature, and the usage or custom, if any, prevailing at the time and place in question is to be considered as a part of the contract, rounding it out and completing its terms. *Oil Co. v. Burney,* 174 N. C., 382. This is the ground upon which the plaintiff staked his defense to the counterclaim, as set up by the defendant. Therefore, what the contract was in its entirety and as to whether the defendant had discharged or breached his contractual obligations were questions to be measured by the terms of the agreement itself, and not necessarily by the conduct of the defendant as tested by the rule of the prudent man, or the duty of a bailee. It is true the custom or usage, which may be held to enter into and form a part of the contract, must be reasonable, as this is one of the essential requisites of its validity; but once fully established, nothing else appearing, it becomes obligatory and binding on the parties. *Penland v. Ingle,* 138 N. C., 456; 17 C. J., 449 *et seq.*

Where there is a well known usage or custom which obtains in a given trade or business, it is presumed that all who are engaged in said trade or business where it prevails contract with a view to such usage or custom, unless the presumption is excluded by agreement of the parties. *Hazard v. New England Marine Ins. Co.,* 8 Pet., 557; 27 R. C. L., 162, and cases cited in note.

For the error, as indicated, we think there should be a new trial; and it is so ordered.

New trial.