LETHA ANDERSON v. W. A. NICHOLS.

(Filed 31 May, 1924.)

**1. Contracts—Deeds and Conveyances—Parol Evidence.**

In an action to recover upon certain mortgage notes given for the purchase of certain lands, on which was a hotel containing certain articles of furniture, and the defendant sets up a counterclaim for damages for the breach by plaintiff of his contract to deliver the furniture: *Held*, the failure of the plaintiff's deed to include the furniture does not exclude defendant's evidence upon his counterclaim, the statute of frauds not requiring contracts in this respect to be in writing, and the parol evidence not being contradictory of the written instrument.

**2. Courts—Discretion—Appeal and Error—Objections and Exceptions— Juror's Relationship to Party.**

It is within the sound discretion of the trial judge to refuse a motion to set aside a verdict for relationship of a juror to a party litigant, when the general question of relationship had been asked without response, and the trial had been proceeded with without further question or objection.

**3. Evidence—Corroboration—Appeal and Error.**

Evidence material in corroboration of substantive evidence theretofore admitted on the trial is competent.

APPEAL by plaintiff from *Bryson, J.,* at November Term, 1923, of CHEROKEE.

The verdict was as follows:

1. Is the defendant indebted to the plaintiff by reason of the matters set forth in the complaint, and if so, in what amount? Answer: Yes, $500 with interest thereon from 5 October, 1922.

2. Is the plaintiff indebted to the defendant by reason of the prayer for affirmative relief of the answer? Answer: Yes, $500.

*Moody & Moody and J. D. Mallonee for plaintiff.*
*Thos. J. Hill and Dillard & Hill for defendant.*

ADAMS, J. On 5 October, 1921, the defendant purchased certain property from the plaintiff at the price of five thousand five hundred dollars. He paid $4,000 in cash and executed three promissory notes in the sum of $400 each, payable on 5 November, 1922, 1923, and 1924, respectively. The plaintiff brought suit on the note first maturing and alleged that all the notes had been executed as evidence of the remainder due on the purchase of several parcels of land described in a deed she had delivered to the defendant. The defendant alleged that the plaintiff had contracted to sell him at the agreed price not only the land, but a piano, an organ, a stove, and other enumerated articles described as furniture, which were in a hotel situated on one of the lots, and that the plaintiff had taken possession of these articles and in breach of her contract had failed to deliver them. Upon these allegations he set up a counterclaim against the plaintiff for one thousand dollars.

The first issue was answered by consent. As to the second, the plaintiff in effect requested an instruction that the deed executed and delivered by the plaintiff to the defendant, conveying the land but not the furniture, constituted the contract between the parties and that the counterclaim could not be maintained. The instruction was refused, and the plaintiff excepted. The ruling was correct. It was not in conflict with the principle that parol evidence is not admissible to contradict, add to, or vary the terms of a written instrument. If the entire contract is not required to be in writing it may be partly written and partly oral; and in such case if the written contract be put in evidence the oral part also may be proved, if not at variance with the written instrument. It was competent to show that the title to the furniture was to vest in the defendant under the oral agreement, because it was not in conflict with the deed. *Terry v. R. R.,* 91 N. C., 236; *Evans v. Freeman,* 142 N. C., 61; *Walker v. Venters,* 148 N. C., 388; *Anderson v. Corporation,* 155 N. C., 132; *Palmer v. Lowder,* 167 N. C., 331;

*Spencer v..Bynum,* 169 N. C., 119; *Cherokee County v. Meroney,* 173 N. C., 653; *Garland v. Improvement Co.,* 184 N. C., 551.

The plaintiff moved to set aside the verdict for the reason that one of the jurors was related to the defendant. After hearing affidavits the presiding judge found as a fact that the juror was a first cousin of the defendant's first wife, who died about the year 1896, leaving no children, and that the plaintiff's counsel before the jurors were sworn asked the general question whether any member of the jury was related to the defendant. His Honor overruled the motion. Under the circumstances his refusal to set aside the verdict and grant a new trial was a matter within his sound discretion and is not reviewable on appeal. *Spicer v. Fulghum,* 67 N. C., 19.

The other exceptions are not tenable. The judge's construction of the pleadings with respect to the payment of interest becomes academic in view of the fact that the first issue was answered by consent. The defendant's testimony that immediately after the purchase was effected he rented all the property to Blackwell was admissible in corroboration of his previous statements, as was also evidence of his declarations to U. S. Nichols. The contention that the plaintiff had not listed the notes for taxation was abandoned at the trial and, indeed, was not referred to in the evidence. Testimony tending to show that the defendant told Hawkins he was to pay $5,500 for the property, which included the land described in the deed, was not inconsistent with the defendant's position and was properly admitted. The other exceptions are formal.

No error.