JOHN D. SPINKS v. PERCY B. FEREBEE, MAYOR, AND S. E. COVER, J. W. BROWN, W. W. ASHE AND G. B. HOBLITZELL, COMMISSIONERS OF THE TOWN OF ANDREWS, LUDLOW ENGINEERS, INC., AND J. L. LUDLOW.

(Filed 23 February, 1927.)

**1. Actions—Pleadings—Several Defendants—Nonsuit as to One.**

Where the complaint in an action against a town and a private corporation by a fair and reasonable interpretation alleges a separable cause of action against each, and a judgment as of nonsuit is entered as to the town upon the evidence, under the provisions of C. S., 2831-2960, it does not affect the liability of the town.

**2. Appeal and Error—Instructions—Record—Presumptions.**

Where upon appeal to the Supreme Court the charge of the trial judge does not appear of record, it is presumed to have been correctly given.

**3. Contracts—Breach—Damages—Partnership—Principal and Agent.**

· Where there is evidence that the plaintiff is a civil engineer in the business of laying out and constructing hydro-electric water plants for municipal corporations, and after the preliminary work has agreed with the defendant construction company that he would bid for the work upon an expense and profit sharing basis, and the defendant has agreed to put in a bid for both, but has, unknown to the plaintiff at the time, secured the contract for itself: *Held*, the defendant is liable to the plaintiff in the amount the plaintiff would have received for his share of the profits had the defendant acted in good faith under the agreement they had entered into.

**4. Pleadings—Nonsuit—Amendments.**

The trial judge may in his discretion allow an amendment to pleadings after a judgment as of nonsuit has been entered as to one of the defendants, when a good cause of action is alleged as to the other, C. S., 547, and likewise the Supreme Court on appeal, under C. S., 1414.

**5. Appeal and Error—Review.**

Ordinarily the Supreme Court can only review the case upon matters of law or legal inference.

APPEAL by defendants, Ludlow Engineers, Inc., and J. L. Ludlow, from *Harding, J.,* and a jury, at August Term, 1926, of CHEROKEE. No error.

Plaintiff is a civil and consulting engineer and engaged in the business of laying out municipal and industrial enterprises, hydro-electric power plants and municipal waterworks. Ludlow Engineers, Inc., are engaged in like business, and J. L. Ludlow is general manager. Percy B. Ferebee is mayor, and the other defendants commissioners of the town of Andrews, N. C.

Plaintiff alleges, in substance, that on or about 5 February, 1923, the defendants, Percy B. Ferebee, mayor, S. E. Cover, J. W. Brown,

W. W. Ashe and J. B. Hoblitzell, commissioners of the town of Andrews, made and entered into a contract with the plaintiff, John D. Spinks, who was an independent contractor, together with the defendant, the Ludlow Engineers, Inc., and the defendant, J. L. Ludlow, which parties the plaintiff, John D. Spinks, called in, which contract provided, in substance, that the plaintiff, together with the defendant, Ludlow Engineers, Inc., and J. L. Ludlow, would make a preliminary survey of the proposed hydro-electric power plant, which the town of Andrews desired developed, and submit the same, together with an estimate of the cost of developing the said proposed hydro-electric power for the said town of Andrews, under and by terms of which said contract the said John D. Spinks, and his associates, were to receive for the preliminary report the sum of $800, and in case the report was favorable, that then for the supervision of the construction of said hydro-electric plant, the said plaintiff and his associates should receive the sum of six per cent of the cost of construction, and if such construction should take more than twelve months, then the said plaintiff and his associates should receive, in addition to the six per cent on the cost of construction $500 per month for each month over twelve months required to complete the project.

That in accordance with said contract, plaintiff proceeded with the work of making preliminary survey and report of same; this done it was decided by the mayor and commissioners that construction of the plant should proceed; and thereupon Ludlow Engineers, Inc., and Ludlow proceeded to Andrews, and in conjunction with the mayor and commissioners, prepared a new contract with Ludlow Engineers, Inc., and Ludlow, thereby breaching the contract made with Spinks; that this was done for the purpose of depriving plaintiff of his rights under the first named contract, under which plaintiff had done his part of the contract and was and has at all times been ready, able and willing to carry out every provision in the contract; but the mayor and commissioners, and Ludlow Engineers, Inc., and Ludlow, with the intent and purpose of depriving plaintiff of his rights in the contract and his fees arising thereunder, have proceeded with no reference to this plaintiff with the construction of said plant, and the mayor and commissioners have paid to Ludlow Engineers, Inc., and Ludlow, all the fees arising under the contract, as same have accrued, notwithstanding the fact that notice has been given them to hold and retain for plaintiff's benefit fifty per cent of all fees accruing by virtue of the construction of the plant, being six per cent on the cost of construction, being that portion of the fees that plaintiff is entitled to under the contract; that the cost of construction was not less than $300,000, and one-half of six per cent thereof, to which this plaintiff is entitled, amounts to $9,000, etc.

Plaintiff demanded judgment against the defendants and for general relief. The material allegations of the plaintiff were denied by defendants.

At the close of plaintiff's evidence the defendant, town of Andrews and its commissioners, officially and individually, made a motion for judgment as in case of nonsuit, which was sustained. A similar motion was made by Ludlow Engineers, Inc., and J. L. Ludlow, which was refused.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Did the plaintiff, John D. Spinks, and the defendants, Ludlow Engineers, Inc., and J. L. Ludlow, enter into a contract with each other that the plaintiff and the said defendants would make a preliminary survey of the proposed hydro-electric power plant which the town of Andrews desired developed, and submit the same, together with an estimate of the cost of development of said hydro-electric plant, and supervise the construction of the same upon the terms and conditions set out in the complaint? Answer: Yes.

"2. Did the defendants, Ludlow Engineers, Inc., and J. L. Ludlow breach said contracts, as alleged in the complaint? Answer: Yes.

"3. What damage, if any, is plaintiff entitled to recover of the defendants, Ludlow Engineers, Inc., and J. L. Ludlow? Answer: $3,000."

Judgment was duly rendered on the verdict. The defendants, Ludlow Engineers, Inc., and J. L. Ludlow, assigned many errors and appealed to the Supreme Court.

Necessary material facts will be stated in the opinion.

*Walter E. Brock, John H. Dillard and M. W. Bell for plaintiff.*
*Bryson & Bryson and Moody & Moody for defendants.*

CLARKSON, J. We think the main assignment of error of the defendants, Ludlow Engineers, Inc., and J. L. Ludlow, relates to the refusal of the court below to nonsuit the plaintiff at the close of all the evidence. The issues tendered by them are in support of this contention.

The complaint, although alleging a cause of action against the town of Andrews, by fair and reasonable interpretation, also alleges a cause of action against Ludlow Engineers, Inc., and J. L. Ludlow. When the town of Andrews went out of the action by nonsuit (see C. S., 2831-2960, certain restrictions upon municipal contracts), it did not necessarily carry the Ludlow Engineers, Inc., and J. L. Ludlow. We think, from a careful inspection of the record, that there was sufficient allegations in the complaint and evidence to support the issues tendered by the court below.

The charge of the court below is not in the record, the presumption of law is that it was correct, and the court charged the law in accordance with the evidence. The evidence of plaintiff tended to show that Ludlow Engineers, Inc., and J. L. Ludlow, its general manager, supplanted the plaintiff; that the plaintiff originated the business with the town of Andrews and took Ludlow Engineers, Inc., and J. L. Ludlow in with him.

J. D. Spinks testified: "I suggested to them in the conference (board of commissioners of town of Andrews) that Ludlow Engineers, Inc., and I would do this work jointly if they would join me in the enterprise; they were agreeable to it. I left next morning for Winston-Salem and went to see Mr. Ludlow as soon as I got back, and Mr. Justin, and discussed my visit to Andrews. We agreed to divide the profits and operating expenses equally; we agreed to go into this matter jointly and divide the profits, that is deduct the expenses, and divide the profits 50-50. We agreed to bear the expenses equally." Joel D. Justin, hydroelectric engineer for Ludlow Engineers, Inc., was sent to Andrews and closed the job with the town of Andrews. Telegram from Andrews, N. C., 5 February, 1923, to J. D. Spinks: "Job closed, including contract for engineering, if work goes ahead," etc. 5 February, 1923, Justin to Spinks: "As per my wire we closed contract tonight," etc. 7 February, 1923, Justin to Spinks: "In recent letter I stated that I would mail contract to you. I am unable to do this as they have placed drawing of the formal contract in the hands of a local attorney. . . . At the present rate it will be two days before he gets it finished. The phraseology that he argues about does not amount to anything, but I do not propose to let him put anything over. However, I will bring signed contract in with me without doubt as the whole thing has been agreed to in substance." Contract was dated 10 February, 1923, by and between town of Andrews, N. C., of first part, and J. D. Spinks, of county of Forsyth and State of North Carolina, and the Ludlow Engineers, Inc., etc., of the second part. The original contract was changed—April inserted for February and February was marked out, and the name of J. D. Spinks marked out. In the attestation clause the name of J. D. Spinks was marked out. This contract originally dated 10 February, 1923, with February and Spinks marked out, was signed on 10 April, 1923, "The Ludlow Engineers, Inc. (Seal), by J. L. Ludlow, Prest." On 27 April, 1923, Percy B. Ferebee, mayor, wrote Spinks, in answer to his letter, as follows: "Mr. Ludlow, when he met with us, stated that as you were not at all familiar with hydro-electric work, and as it would be they who would take the responsibility of the work, that he was going to ask the board to make the contract to the Ludlow Engineers, Inc., without mention of your name; that the matter was brought to his

attention by you, and as you advised him that you had the job, or practically had it, he would not make a competitive bid. *He further stated that the two of you had a working agreement where you were to work jointly, and that he would adjust the matter to your entire satisfaction.*"

The Ludlow Engineers, Inc., and J. L. Ludlow, defendants, denied any supplanting of Spinks, and alleged that the town of Andrews gave the contract to the Ludlow Engineers, Inc., and the plaintiff had no interest in it; that plaintiff was paid in full for preliminary survey.

The evidence introduced on both sides showed that the contest waged around the issues submitted. The pleadings, liberally construed with a view to substantial justice between the parties, permitted the issues submitted by the court. They embodied proper inquiries as to all essential matters or determinative facts of the controversy. The complaining defendants fully understood plaintiff's cause of action and were in no way misled. The case was tried upon its merits. No substantial rights of defendants were in any way affected by a liberal construction of the pleadings or the issues submitted.

It was said, in speaking to the question in *Sewing Machine Co. v. Burger,* 181 N. C., at p. 247: "One of the most important purposes of the adoption of The Code system of pleading was to enable parties to determine and settle their differences in one action. The law favors the ending of litigation, and frowns upon the multiplicity of suits."

The court below, under C. S., 547, had, under certain circumstances, a right to allow plaintiff to amend; so has this Court, under C. S., 1414, but we think, under the pleadings, liberally construed, it was not necessary. *Jones v. Mial,* 82 N. C., at p. 257; *Ricks v. Brooks,* 179 N. C., p. 204; *Killian v. Hanna, ante,* p. 17; *S. v. McCanless, ante,* 200.

In this Court we cannot pass on the facts. We can only review decisions of the court below "upon any matter of law or legal inference." The jury below has found the issues in the plaintiff's favor. From a careful review of the record and the briefs, we can find in law

No error.