### J. T. MORTON v. G. T. WALTON.

(Filed 12 October, 1927.)

APPEAL by plaintiff from *Sinclair, J.,* at April Term, 1927, of ONSLOW. Affirmed.

*N. E. Day and Cowper, Whitaker & Allen for plaintiff.*
*Summersill & Summersill and John D. Warlick for defendant.*

PER CURIAM. This was an action to recover damages for personal injury. The plaintiff alleged that the defendant was engaged as overseer for the Onslow County road commission, and while building a certain road negligently left a stump in it, and that the car in which the plaintiff was traveling was driven against the stump, whereby the plaintiff was injured. At the conclusion of the evidence the action was dismissed as in case of nonsuit. We have carefully examined the record and are of opinion that it does not disclose a case of actionable negligence. The judgment is

Affirmed.

### W. N. THOMAS v. BUS LINE.

(Filed 19 October, 1927.)

CIVIL ACTION, before *Harris, J.,* at March Term, 1927, of CHATHAM.

The plaintiff sued the defendant for negligently striking and damaging his automobile on a public highway. The defendant denied that it was negligent and pleaded contributory negligence of the plaintiff as a bar to recovery.

There was a verdict for the plaintiff in the sum of $175. From judgment thereon the defendant appealed.

*W. P. Horton for plaintiff.*
*Siler & Barber for defendant.*

PER CURIAM. The record presents an issue of fact and no more. The plaintiff's testimony tends to show negligence on the part of defendant. The evidence of defendant tends to show contributory negligence on the part of the plaintiff.

The charge of the court is not included in the record, and therefore it is presumed that the trial judge properly instructed the jury upon each and every phase of the law applicable to the facts. In this situation the jury was the sole arbiter.

No error.