STANDARD CROWN COMPANY, INC., v. HARRY E. JONES, TRADING AS JONES BOTTLING WORKS.

(Filed 24 October, 1928.)

**1. Appeal and Error—Review—Findings of Fact.**

Findings of fact by a referee and approved by the trial judge, supported by any competent evidence, are not reviewable on appeal to the Supreme Court.

**2. Evidence—Parol or Extrinsic Evidence Affecting Writings—Oral Agreement of Contract.**

Where a letter ordering goods specifies the number and kind or the articles, and is accepted by the seller's letter, it may be shown by the purchaser in the seller's action to recover the contract price, that the order was based upon a previous verbal contract that the goods were to be paid for only as and when ordered, as an unwritten and uncontradictory part of the entire contract.

**3. Customs and Usages—Evidence Thereof—Contracts.**

An observed custom prevailing at the time of the sale and delivery of goods may be shown by parol as an unwritten part of a contract the law does not require to be in writing, when not contradictory of the written part.

CIVIL ACTION, before *Townsend, J.,* at Chambers, August Term, 1928, of WAKE.

Plaintiff sued the defendant for the purchase price of certain crowns manufactured by the plaintiff and sold to him for use in bottling soft drinks. The defendant denied that there was an unconditional contract for the purchase of crowns and thereupon the cause was duly committed to a referee as provided by law. After hearing the evidence and argument of counsel the referee found certain facts and based thereon certain conclusions of law.

The pertinent findings of fact were as follows: "(6) Early in January, 1920, an agreement was entered into by plaintiff, through said Edward T. Fleming as secretary-treasurer of said company, and the defendant, in Washington, D. C., whereby, for the convenience and benefit of the plaintiff, the defendant was to place with plaintiff an order for a number of

gross of crowns to be made up specially with the understanding and stipulation that the defendant would not be required to accept or pay for same except as said crowns might be ordered out by the defendant, and such crowns so accepted by the defendant were to be billed him at market price when shipped, and pursuant to and as a part of said contract the defendant sent to said Fleming the following letter, to wit: Standard Crown Company, Philadelphia, Pa. Gentlemen: Make me up in stock for shipment when ordered: 5,000 gross My-Coca Crowns. 5,000 gross Smile Crowns. 2,500 gross Root Beer Crowns. 2,500 gross Golden Rod Ginger Ale Crowns. We want these crowns made up Special with Jones Bot. Wks. on the top and Raleigh, N. C., at the bottom. Thanking you for your prompt attention. Yours very respectfully, Jones Bot. Wks. Harry E. Jones. Enclosed find sample Golden Rod Ginger Ale Crown. Leave off the lithia compound."

The plaintiff, by letter written by said Fleming, replied as follows, to wit: "26 Jan., 1920. Jones Bottling Works, Raleigh, N. C. Gentlemen: Your letter of the 12th inst. ordering 5,000 gross My-Coca crowns, 5,000 gross Smile crowns. 2,500 gross root beer crowns. 2,500 gross Golden Rod Ginger Ale crowns received and we note that you want all these made up with 'Jones Bottling Works, Raleigh, N. C.' appearing on the crowns. We have already proceeded with this order and as soon as they are ready we will notify you in order that you may commence ordering out against this stock. With the writer's kind personal regards, and thanking you for this business, we are, Yours very truly, Standard Crown Company, Inc. (signed) Sec. & Treas."

The aforesaid letter and reply were part of the aforesaid parol contract and agreement between said parties.

"(9) There was, in January, 1920, and thereafter a well recognized custom and practice of the trade, known to the defendant at the time of the execution of his contract with the plaintiff, that a customer would pay to the seller three cents per gross for obsolete crowns made up for such customer and not ordered out, and the plaintiff under his interpretation of the letter (Exhibit B) was authorized to specially decorate 15,000 gross of crowns, and thereafter shipped the defendant a total of 7,150 gross, leaving 7,850 gross on hand at 3 cents per gross, amounting to $235.00 in which said sum defendant is further indebted to the plaintiff."

Upon the foregoing findings of fact the referee found that the defendant was indebted to the plaintiff in the sum of $783.48 with interest from 3 October, 1927, on the principal sum of $647.00, and the costs of the action.

Both parties filed exceptions to the evidence, and the plaintiff filed exceptions to the findings of fact and conclusions of law made by the

14—196

referee. Thereupon the question was submitted to the judge, who entered judgment approving and adopting the finding of fact and conclusions of law contained in the report of the referee.

From judgment in accordance with the report of the referee, the plaintiff appealed.

*Barwick & Leach for plaintiff.*
*Wm. B. Jones and J. S. Griffin for defendant.*

BROGDEN, J. "It is settled by all the decisions on the subject, with none to the contrary, that the findings of fact, made by a referee and approved by the trial judge, are not subject to review on appeal, if they are supported by any competent evidence." *Kenney v. Hotel Co.,* 194 N. C., 44, 138 S. E., 349.

The question, therefore, is whether or not there was evidence to support the findings. The plaintiff contends that the letter of 12 January, 1920, from the defendant to the plaintiff and the reply thereto dated 26 January, 1920, constituted a written contract between the parties. The defendant, upon the other hand, contended that the letters were written in conformity with a prior parol agreement. It is now settled beyond dispute that if the contract is not required by law to be put in writing and a part of said contract is oral, evidence of the oral portion is admissible if it does not contradict or vary the writing, for the purpose of establishing the contract in its entirety. *Palmer v. Lowder,* 167 N. C., 331, 83 S. E., 464; *Henderson v. Forrest,* 184 N. C., 234, 114 S. E., 391; *Miller v. Farmers Federation,* 192 N. C., 144, 134 S. E., 407; *Hite v. Aydlett,* 192 N. C., 166, 134 S. E., 419.

The defendant testified that he made a verbal agreement with an agent of plaintiff according to which the plaintiff would make up the crowns and keep them in stock for defendant, and ship them as needed, at the prevailing market price, and that thereupon the defendant agreed with the agent of plaintiff that upon his return to Raleigh he would make up an order in accordance with the conditions stipulated, and in pursuance of such agreement the letter of 12 January was forwarded to plaintiffs. It will be observed that the letter of 12 January stipulates no price for the crowns and specifies no time for shipment except "when ordered." As we interpret the evidence of the alleged verbal contract in connection with the letters, it does not appear that the parol agreement alleged by the defendant is totally inconsistent with the subject-matter of the letters. Certainly it cannot be said that there was no evidence of the parol agreement, and under the authorities, the finding of fact by the referee, approved by the trial judge, is conclusive.

With respect to the ninth finding of fact, the plaintiff contends that there was no evidence to support such finding to the effect that there was a "well recognized custom and practice of the trade."

With reference to the amount a customer should pay for "obsolete crowns made up for such customer and not ordered out," a witness for defendant testified: "That it was a general custom and was accepted by all the manufacturers at the time this order was given in January, 1920." While there was an apparent conflict, this testimony was some evidence of the custom relied upon. The rule is stated thus in *Penland v. Ingle,* 138 N. C., 456, 50 S. E., 850: "The character and description of evidence admissible for establishing the custom is the fact of a general usage and practice prevailing in the particular trade or business, and not the opinions of witnesses as to the fairness or reasonableness of it." The law of custom, as established in this jurisdiction, is discussed in the following cases: *Blalock v. Clark,* 137 N. C., 140, 49 S. E., 88; *Penland v. Ingle,* 138 N. C., 456, 50 S. E., 850; *Bank v. Floyd,* 142 N. C., 187, 55 S. E., 95; *McDearman v. Morris,* 183 N. C., 76, 110 S. E., 642.

As the record discloses that there was evidence to be considered by the referee of a verbal agreement and of a general custom of the trade, his findings of fact, having been approved by the trial judge, determine the controversy.

Affirmed.