STATE v. F. P. McCLURE.

(Filed 28 June, 1933.)

**1. Evidence J a—**

Parol evidence is competent to show that a contract not required to be in writing was partly written and partly oral, and parol testimony of the unwritten part is competent if not contradictory to the written terms.

**2. Embezzlement B c—Parol evidence of agreement for application of funds held competent when not contradictory to written terms of agreement.**

In this prosecution for embezzlement, C. S., 4268, the State introduced the written contract between defendant and prosecuting witness whereby

defendant agreed to buy a lot and build a house thereon for prosecuting witness at a stipulated price, the lot not to cost over an amount named, and the prosecuting witness agreed to execute a note secured by deed of trust on other property for part of the contract price and to pay the balance upon completion of the contract. Defendant discounted the note and paid a much smaller sum on a contract to purchase the lot, but failed to pay the purchase price or to obtain title thereto. The State introduced oral testimony of prosecuting witness, over defendant's objection, tending to show that the parties agreed that the full proceeds of the note should be used to pay the purchase price of the lot. *Held*, the parol testimony was competent, it not being in contradiction of the written terms of the agreement, the written agreement containing no stipulation as to the specific application of the funds.

**3. Criminal Law L d—**

Where the charge of the trial court is not in the record it is presumed correct.

STACY, C. J., concurring.

BROGDEN, J., concurs in concurring opinion.

APPEAL by defendant from *McElroy, J.,* at October Term, 1932, of AVERY. No error.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*E. F. Watson, Morgan, Stamey & Ward and Byron E. Williams for defendant.*

ADAMS, J. The defendant was indicted for the embezzlement of twelve hundred and fifty dollars entrusted to him by Mary E. Loven as her agent, employee, or servant. C. S., 4268.

Mrs. Loven employed the defendant to buy a lot in Elizabethton, Tennessee, and to build a house on it, and to this end they executed a written contract. Accordingly, the defendant agreed to purchase the lot for Mrs. Loven at a price not to exceed $1,050 and to erect thereon a nine-room house at the price of $5,500. Mrs. Loven agreed to make her note in the sum of $1,250 to be secured by a deed of trust on her property situated in the town of Newland, North Carolina, payable ninety days from the date of the contract and to pay the remainder when the work was completed. She executed the note and the deed of trust and delivered them to the defendant and he discounted the note at a bank in Newland for twelve hundred dollars. Mrs. Loven selected the lot in Elizabethton and the defendant entered into a contract for its purchase; he paid $300 in cash and was to pay the remainder of the purchase price in six, twelve, and eighteen months, but he never paid the price or acquired the title.

With respect to the purchase Mrs. Loven was permitted to testify, subject to the defendant's exception, that the defendant was to apply the amount of the discounted note to the purchase of the lot, that this was the agreement between them, and that he misapplied the money and used it for other purposes. The defendant denied this and relied upon the terms of the written agreement.

The defendant in compliance with the statute made the usual motions to dismiss the action upon all the evidence. The motion was refused and defendant excepted. The jury convicted the defendant, the court pronounced judgment, and the defendant again excepted and appealed to this Court.

We need advert to only one exception—that which was taken to the court's refusal to dismiss the action; the others are formal. With respect to the crucial exception the question is whether the judge should have excluded Mrs. Loven's testimony that by the terms of the contract the defendant was to pay for the lot out of money he received on the discounted note, the defendant contending that the testimony was in contravention of the written contract. The contested provision is in these words: "The purchaser. (Mrs. Loven) agrees to make note secured by deed of trust on property located in town of Newland . . . in the sum of $1,250 due and payable 90 days from date of the contract and agrees to pay the balance of $4,650 on completion of this contract."

The writing contains no provision for the specific application of the money which the defendant received on the note; on this point the contract is ambiguous or at least indefinite. If, as the State contends, the parties agreed that this money should be used in the purchase of the lot, such contemporaneous agreement did not necessarily contradict or vary the terms of the written agreement; and if it did not the testimony excepted to was competent. When a contract is not required to be in writing it is permissible to show by parol testimony that the contract was partly oral and partly written. *Garland v. Improvement Co.,* 184 N. C., 551; *Anderson v. Nichols,* 187 N. C., 808; *Hite v. Aydlett,* 192 N. C., 166; *Crown Co. v. Jones,* 196 N. C., 208.

The testimony of Mrs. Loven in reference to the application of the money paid on the note was admissible; and on the controverted question an issue of fact was sharply drawn between the State and the defendant. The jury adopted the State's theory and found that the defendant after receiving the money to be applied to a specific purpose misapplied or converted it to his own use. As the charge of the court was not excepted to or sent up with the record we must assume that the law was correctly explained and applied. *Spinks v. Ferebee,* 193 N. C., 274; *Thomas v. Bus Line,* 194 N. C., 798.

No error.

STACY, C. J., concurring: It may be doubted whether the evidence raises more than a suspicion, somewhat strong perhaps, of the defendant's guilt, which under the decision in *S. v. Carter,* 204 N. C., 304, and cases there cited, would not be sufficient to carry the case to the jury. But as the attempted appeal is *in forma pauperis* and the affidavit omits to state "the application is in good faith," the Court is without jurisdiction to entertain the appeal. *S. v. Martin,* 172 N. C., 977, 90 S. E., 502.

The sufficiency of the affidavit may not be waived, as it is jurisdictional. *Powell v. Moore,* 204 N. C., 654; *S. v. Stafford,* 203 N. C., 601, 166 S. E., 734.

The defendant is not vitally interested in whether the judgment is affirmed or the appeal dismissed, as the result to him would be the same in either event. *Rankin v. Oates,* 183 N. C., 517, 112 S. E., 32.

BROGDEN, J., concurs.