CATHERINE V. CRAIG v. ROBERT W. CALLOWAY AND WIFE, OREE C. CALLOWAY

No. 8325SC529

(Filed 1 May 1984)

1. **Evidence § 32.1— parol evidence rules—partial integration of agreement—evidence not contradicting writing**

The parol evidence rule permits the introduction of extrinsic evidence where a writing only partially integrates the agreement and the evidence does not contradict the writing; therefore, the trial court properly denied plaintiff's request for a jury instruction that written instruments control any parol evidence to the contrary since the evidence indicated that a deed was not intended to contain the entire agreement of the parties, but only that portion of it pertaining to the conveyance of the real property, and where the evidence

---

Craig v. Calloway

---

regarding the oral agreement to convey personal property in no way contradicted any part of the deed.

**2. Wills § 2.3— admission of revoked will to demonstrate existence of oral agreement between parties—properly admitted**

The trial court properly admitted plaintiff's will into evidence even though the will may have been revoked since defendants never sought to prove the validity of the will; rather, they introduced it for the purpose of showing the existence of an oral agreement. G.S. 31-5.1.

**3. Evidence § 11— dead man's statute not precluding evidence of will**

The Dead Man's Statute did not operate to exclude the admission of the will and power of attorney of plaintiff's deceased husband since neither was a personal transaction or communication with the deceased husband. G.S. 8-51.

**4. Trial § 42— inconsistent verdict—second verdict consistent—j.n.o.v. properly denied**

In a civil action where plaintiff filed suit against defendants seeking to have a deed conveying her property to defendants and reserving a life estate for herself set aside because the defendants failed to supervise her care, maintenance and needs as spelled out in the deed, the trial court properly denied plaintiff's motions for j.n.o.v. and a new trial where, although the jury's first verdict was inconsistent, when the jury returned with a second verdict, it was consistent where it found defendants had breached the agreement and that defendants were prevented from performing their part of the agreement.

APPEAL by plaintiff from *Beaty, Judge.* Judgment entered 9 December 1982 in Superior Court, CALDWELL County. Heard in the Court of Appeals 9 April 1984.

This is a civil action wherein plaintiff filed suit against defendants husband and wife, seeking to have a deed conveying her property to defendants and reserving a life estate for herself set aside because the defendants failed to supervise her care, maintenance and needs as spelled out in the deed. The deed had originally been entered into between plaintiff and her late husband, W. L. (Lee) Craig, and the defendants. Plaintiff alleged that defendants breached the agreement by failing to perform any of the conditions in the deed, and also alleged that the defendants willfully and wantonly cut off plaintiff's water supply. The plaintiff sought the reconveyance of her land, or in the alternative, monetary damages. The plaintiff also sought injunctive relief requiring defendants to reconnect her water supply.

The defendants alleged in their answer that they were prevented from performing their part of the agreement. They also

alleged that in addition to the terms contained in the deed, the parties and plaintiff's late husband had also entered into an oral agreement that certain personal property belonging to plaintiff and her husband, including farm tools and vehicles, be conveyed to the defendants upon the deaths of Lee Craig and plaintiff Catherine Craig.

At trial, plaintiff put on evidence tending to show that defendants had breached the terms of the agreement embodied in the deed. The defendants put on evidence tending to show the existence of the agreement concerning personalty, and also that the defendants were prevented from performing their part of the agreement. After listening to the judge's charge, the jury first returned a verdict which the judge, without exception by the parties, declared inconsistent. The trial judge repeated and clarified his instructions. The jury retired for a second time, and returned the following verdict:

1. Did the defendant [sic] breach the agreement between the parties by failing to supervise the care, maintenance and needs of the plaintiff?

   Answer: Yes.

2. Were the defendants prevented from performing the supervision of the care, maintenance and needs of the plaintiff?

   Answer: Yes.

3. What amount, if any, are the defendants, Robert Calloway and Oree Calloway, entitled to recover of Catherine Craig for such services rendered to Catherine Craig under such circumstances that Catherine Craig should be required to pay for them?

   Answer: [left blank].

Plaintiff appeals from a judgment in accord with this verdict. That part of the action seeking injunctive relief is not involved in this appeal.

*Ted West Professional Association, by Ted G. West, Joseph C. Delk, III, and David A. Swanson, for plaintiff appellant.*

*Baumberger and Bell, by Michael P. Baumberger, for defendant appellees.*

VAUGHN, Chief Judge.

Plaintiff makes several assignments of error. They concern the trial court's refusal to allow certain requested instructions, the admissibility of testimony and documentary evidence, and the failure of the trial court to award a new trial based on alleged misunderstanding of the jurors of the consequences of their verdict. We overrule all assignments of error and affirm.

[1]    Plaintiff first argues that the trial court incorrectly denied plaintiff's request for a jury instruction that written instruments control any parol evidence to the contrary. Plaintiff contended throughout the trial and contends here on appeal that the deed represents the entire agreement of the parties and therefore parol evidence should not have been considered by the jury. Defendants' position is that the parol evidence rule only comes into play when a writing is intended as a complete integration of an agreement and that the deed was only a partial integration of the agreement between the parties. We hold that because the evidence tended to show that the writing was only a partial integration that the instruction was properly refused.

The 1 March 1977 deed conveyed certain property to the defendants in exchange for the defendants' promise to provide plaintiff and her husband supervision for their care, maintenance and needs, with a life estate reserved for plaintiff and her husband. Defendants presented evidence tending to show the existence of a side agreement to convey to defendants upon the deaths of plaintiff and her husband, various farm tools, implements, vehicles and other personalty. This evidence was in the form of testimony by plaintiff and by defendant Oree Calloway concerning the execution by plaintiff and her husband of wills and powers of attorney at the same time the deed was executed, and also by the introduction of those documents into evidence.

Our Supreme Court in *Craig v. Kessing*, 297 N.C. 32, 253 S.E. 2d 264 (1979), held that parol evidence of a purchase price and expiration date that directly contradicted contract terms was inadmissible. The court defined the parol evidence rule and discussed an exception thereto applicable to the instant case:

It appears to be well settled in this jurisdiction that parol testimony of prior or contemporaneous negotiations or con-

versations inconsistent with a written contract entered into between the parties, or which tends to substitute a new or different contract for the one evidenced by the writing, is incompetent. . . . This rule applies where the writing totally integrates all the terms of a contract or supersedes all other agreements relating to the transaction. The rule is otherwise where it is shown that the writing is not a full integration of the terms of the contract. The terms not included in the writing may then be shown by parol.

*Id.* at 34-5, 253 S.E. 2d at 265-6. In such cases, where an agreement has been only partially reduced to writing, "the test for determining whether the remaining part can be proved by parol is simply stated: If oral evidence does not contradict written it is admissible; otherwise, it is not admissible." *Mozingo v. Bank,* 31 N.C. App. 157, 162, 229 S.E. 2d 57, 61 (1976), *cert. denied,* 291 N.C. 711, 232 S.E. 2d 204 (1977). *Cf. Neal v. Marrone,* 239 N.C. 73, 79 S.E. 2d 239 (1953) (parol evidence inadmissible where inconsistent with written instrument, and where it "tends to establish a new and different contract").

The situation before us fits into this exception to the parol evidence rule that permits the introduction of extrinsic evidence where a writing only partially integrates the agreement and the evidence does not contradict the writing. At least one North Carolina case has applied this exception to a situation involving a deed and a concurrent oral agreement to sell personalty. In *Anderson v. Nichols,* 187 N.C. 808, 123 S.E. 86 (1924), the Supreme Court held that defendant had stated a cause of action where defendant buyer alleged in his counterclaim that the purchase price included not only the land described in the deed but also certain personal property. The Court held that the trial court's ruling

was not in conflict with the principle that parol evidence is not admissible to contradict, add to, or vary the terms of a written instrument. If the entire contract is not required to be in writing it may be partly written and partly oral . . . and . . . the oral part . . . may be proved, if not at variance with the written instrument. It was competent to show that the title to the furniture was to vest in the defendant under

the oral agreement, because it was not in conflict with the deed.

*Id.* at 809, 123 S.E. at 87. *Accord, Manning v. Jones,* 44 N.C. 368 (1853) (where agreement to convey land embodied in a deed, parol evidence of oral agreement to make certain repairs of the premises admissible; evidence not offered to contradict, add to or explain main contract). *See also Borden, Inc. v. Brower,* 284 N.C. 54, 199 S.E. 2d 414 (1973) (where an agreement only partly reduced to writing, North Carolina emphasizes giving the proponent of the oral agreement a chance to prove that it was made).

In our case there was no requirement that the entire agreement be in writing. The evidence indicated that the deed was not intended to contain the entire agreement of the parties, but only that portion of it pertaining to the conveyance of the real property. Furthermore, the evidence regarding the oral agreement to convey personal property in no way contradicted any part of the deed. The plaintiff was therefore not entitled to the requested instruction on parol evidence.

[2] In a related assignment of error, plaintiff contends that the trial court erred in denying its motion *in limine* to exclude any testimony concerning plaintiff Catherine Craig's purported will and in allowing the introduction of this will into evidence because plaintiff revoked the will. The denial of this motion was likewise proper.

As already discussed, parol evidence to prove the oral portion of the agreement between the parties concerning personalty is competent. The testimony and evidence regarding plaintiff's former will as well as her power of attorney are competent for this very reason: they tend to demonstrate the existence of an oral agreement between the parties. Although plaintiff's contention that plaintiff has revoked this will, *see* G.S. 31-5.1, is arguably correct, whether the will has been revoked was not at issue. The defendants never sought to prove the validity of the will. Rather, they introduced it for the purpose of showing the existence of an oral agreement. This was permissible, and plaintiff's motion *in limine* was hence properly denied.

[3] Plaintiff also argues that the will and power of attorney of Lee Craig, plaintiff's husband, were improperly admitted into evi-

dence. Plaintiff maintains that G.S. 8-51, which disallows a witness to testify about a transaction between the witness and a person since deceased, applies to disqualify the introduction of these documents into evidence. We disagree.

G.S. 8-51 permits a party to testify to anything except "a personal transaction or communication between the witness and the deceased person." The admission of the will of Lee Craig and his power of attorney was not such a personal transaction or communication. *See generally* 1 Stansbury's N.C. Evidence § 73 (Brandis rev. 1982), and cases therein cited.

The trial court also correctly denied plaintiff's request for jury instructions to the effect that making a will passes no legal title. Although it is true that a will does not operate to pass legal title until probated, G.S. 31-39, there was neither allegation nor evidence that any title to any property, real or personal, passed pursuant to any will. The wills of plaintiff Catherine Craig and of her late husband Lee Craig were properly admitted for the purpose of showing the intent of the parties at the time the agreements were made and the terms of the agreements, particularly those concerning personalty. The instruction was irrelevant and properly refused.

[4]  Upon the rendition of the verdict, plaintiff made a motion in open court for a judgment notwithstanding the verdict and for a new trial. Plaintiff subsequently filed a written motion for a new trial. These motions were all denied, and we here affirm the trial court's action in denying them.

Plaintiff's principal argument in support of these motions is that the jury did not intend to return the verdict that they did. Neither the facts nor the law supports plaintiff's contention. In response to the three issues submitted to them, the jury initially returned a verdict that defendants had breached the agreement between the parties by failing to supervise the care, maintenance and needs of the plaintiff, that defendants were prevented from performing their part of the agreement, and that defendants were entitled to recover the sum of $22,500 from the plaintiff for services rendered to plaintiff. This verdict, without exception, was held to be inconsistent and in conflict with the trial judge's instructions, which were also given without exception.

The jury retired for a second time and returned a verdict that first, defendants had breached the agreement and second, that defendants were prevented from performing their part of the agreement. The jury did not answer the issue regarding the amount defendants might recover for services rendered. Plaintiff's counsel requested that the jury be polled. Each juror responded that he or she intended to answer both the first and second issues "yes" as reflected in the verdict. The plaintiff thereupon moved for a judgment notwithstanding the verdict and for a new trial, which motions were denied.

The following day, plaintiff filed a written motion for a new trial. Plaintiff's counsel informed the court that one of the jurors had told him that the jurors were confused as to the issues, and that the legal effect of the verdict was not the effect intended by the jury.

It is well settled that "[A]fter their verdict has been rendered and received by the court, and they have been discharged, jurors will not be allowed to attack or overthrow it, nor will evidence from them be received for such purpose." *Selph v. Selph*, 267 N.C. 635, 637, 148 S.E. 2d 574, 576 (1966). If any evidence is to be admitted to impeach, attack or overthrow a verdict, it must come from a source other than from the jurors themselves. *State v. Hollingsworth*, 263 N.C. 158, 163, 139 S.E. 2d 235, 238 (1964). Plaintiff is attempting to do exactly that which is forbidden: impeach the verdict. *Cf. In re Sugg*, 194 N.C. 638, 140 S.E. 604 (1927) (juror's affidavit admissible where it did not impeach verdict, but explained what that juror would have said if the judge had been present during polling).

Furthermore, the evidence by which plaintiff's counsel attempted to impeach the verdict, testimony from plaintiff's counsel himself as to what a juror had told him, is inadmissible hearsay. In *Baker v. Winslow*, 184 N.C. 1, 113 S.E. 570 (1922), our Supreme Court held that the clerk's affidavit as to what jurors said was incompetent. "If the jurors could not be heard to impeach their own verdict directly by affidavits, we are unable to understand how it could be done indirectly by affidavit as to what three of them had said in the hearing of the clerk." *Id.* at 9, 113 S.E. at 574. Similarly is the testimony of plaintiff's counsel incompetent.

We further note that even if Mr. West's statements to the trial court had been admissible, and found by the court to be true, they would not affect the conclusiveness of the verdict. When the jury returned its original verdict, the plaintiff exercised her right to have the jury polled. *See In re Sugg, supra* (purpose of polling is to ascertain whether verdict as tendered is unanimous decision of jurors). Each juror stated in response to the court's questions that he or she intended to answer each issue as it appeared on the verdict. The verdict was therefore the unanimous decision of the jurors. If in fact any juror misconceived or misconstrued the legal effect of the verdict, as plaintiff's counsel suggests, this is not grounds for a new trial. *See Selph v. Selph, supra* (no new trial, poll of jurors showed that each meant to answer issues consistent with verdict as rendered); *Coxe v. Singleton,* 139 N.C. 361, 51 S.E. 1019 (1905) (verdict upheld although jurors signed statement that they did not understand the issues and the legal effect of their findings).

Plaintiff lastly argues that the verdict goes against the greater weight of the evidence. We have carefully examined the record, briefs and transcripts in this case and find plaintiff's argument to be without merit.

Affirmed.

Judges WHICHARD and PHILLIPS concur.