Pearson, J.
 

 The case, as made up, presents but two exceptions on the part of the defendant: one as to the admissibility of parol evidence ; the other, as to the form of action ; and this Court is necessarily confined to these two questions, for it is to be taken for granted, that the case was made up in reference to these two questions alone.
 

 When parties reduce their agreement to writing, it is a rule of evidence, that the parol testimony is not admissible to contradict, add to, or explain it; for although there be no law requiring the agreement to be in writing, still the written memorial is the surest evidence.
 

 The rule is not applicable to the case under consideration, for the agreement was not reduced to writing. The note is not a memorial of the
 
 entire
 
 agreement, but is simply a part execution on the side of the defendant by giving a security lor the price, the plaintiff having executed his part of the agreement by giving possession of the negro, leaving the terms of the agreement, as to the length of time for which the negro was hired, the clothing to be furnished, and other stipulations open for parol proof.
 

 Admit that the note, as far as it purports to contain the agreement, excludes parol testimony ; it contains the agreement as to the price, to-wit: “one hundred and thirty dollars for the hire of boy Evartson,” and therefore parol evidence would be inadmissible to show, that a greater sum was to be given. It contains a general expression as to the terms, tó-wit: “The slave is hired on the same terms as other slaves.” These -words must either be re
 
 *8
 
 jected as vague and unmeaning, or they must make a direet reference to what is out of the writing, that is, the terms upon which other negroes were hired at the same time and place, and this, of necessity, is to be ascertained by proof
 
 aliunde,
 
 so that the writing by its terms contemplates and makes necessary a resort to other evidence in order to ascertain the agreement. In any point of view, the parol evidence was admissible.
 

 The next question as to the form of action is a more difficult one, and involves the necessity of deciding, whether the note under seal of the defendant contains as well the terms of agreement as the price ; for, if so, the simple contract is merged in the specialty.
 

 It is argued that the note does contain the terms of the hiring, by reference to something else, and that its legal effect, is the same as if the agreement had been set out at large, for
 
 id cerium cst, quod cerium reddi potest,
 
 and that the action must be upon the deed even when it is necessary, on account of the reference, to resort to parol evidence. The reply is that the reference in this instance is so vague and uncertain as to be entirely unmeaning. If the words had been, “the slave is hired on the same terms as he was hired the yea. before, or as the negroes of A. B. are hired this year,” the terms could be made certain ; but the words “on the same terms as other slaves” announce a mere generality, unrestricted by time, place, or circumstance.
 

 A latent ambiguity may be explained by parol evidence, as in a bequest of
 
 my
 
 white horse, if the testator has two white horses; it may be sb wn by parol evidence which of the two he meant, for th a fficulty arises from a circumstance
 
 dehors
 
 the wilt; so if a deed calls for a black oak tree marked as a corner, and there be two black oak trees marked as corners, evidence
 
 aliunde
 
 must be resorted to
 
 to ascertain
 
 which tree was meant. Such evidence must be resorted to in every case
 
 to Jit
 
 the
 
 thing
 
 
 *9
 
 to the
 
 description;
 
 bat if the description be uncertain, which is what is called a patent ambiguity, parol evidence is not admissible, for that would not be fitting the thing to the description, but making by parol a better one than was furnished by the writing.
 

 We think it clear, that in this case the words in re. ference to the terms are to be rejected as unmeaning, and that the note does not contain the terms of hiring, except the price. We, therefore, concur with his Honor in both propositions.
 

 It may be proper to add, that as no objection is taken to the rule of damages laid down by his Honor, we are to suppose there was evidence to authorise it, and are not to understand his Honor as ruling, that the
 
 value
 
 of the slave is the measure of damage as of course ; for there may be circumstances, under which the slave might have been killed, and the defendant be not liable to the extent of his value, although his agreement be violated. The case does not state the manner in which the slave was killed, so as to show that the death was not a natural consequence of the slave having been carried out of the County.
 

 Per Curiam. Judgment' affirmed.