### M. P. HITE v. A. L. AYDLETT.

(Filed 15 September, 1926.)

1. **Contracts—Written Instruments—Parol Evidence—Architects.**

Where the owner has accepted the written proposition of an architect to prepare plans and specifications for the erection of a building on his lands, which the architect has accordingly done, and nothing has been specified in the writing as to the cost of the building contemplated, parol evidence which tends to show that the parties had agreed that the building was not to exceed a certain amount in its construction is not a contradiction of the written agreement, and it is competent for the owner to show in defense of the architect's action to recover for his services thus rendered, that the entire contract was not reduced to writing, and that the cost of the building exceeded the amount agreed upon.

**2. Same—Evidence—Reference to Other Writings.**

  A "hand-book" relating to the subject-matter of a contract between the owner and the architect for the contemplated erection of a building on the former's land, is competent evidence when relevant to the inquiry in the action of the architect to recover for his services rendered, when expressly referred to in the written agreement between them and made a part thereof.

**3. Contracts—Breach—Damages—Architect.**

  Where the owner enters into a contract with an architect for the latter's furnishing plans and specifications for a building upon a percentage of the cost of the erection of the building, as a part of his compensation, he may recover the same in his action when the owner has wrongfully prevented his fulfillment of his contract.

APPEAL by defendant from *Grady, J.,* at June Term, 1926, of PASQUOTANK. New trial.

Civil action to recover for services rendered to defendant by plaintiff as an architect, pursuant · to contract in writing. A proposal, dated 24 July, 1924, signed by plaintiff and accepted by defendant, in writing, on 7 August, 1924, comprises the entire contract, as alleged by plaintiff. Defendant admits acceptance by him of plaintiff's proposal, but alleges that said proposal does not contain the entire contract between plaintiff and himself. He alleges that it was understood and agreed that the plans and specifications for remodeling his building should be so drawn by plaintiff that the total cost of construction should not exceed $17,000; that this provision was omitted from the written contract by the mutual mistake of the parties; that the lowest bid secured for the work to be done in accordance with the plans and specifications furnished by plaintiff was in excess of $22,000, and that he declined to accept said plans and specifications as furnished by plaintiff, for contract, for the reason that same were not in accordance with the contract. No work has been done on defendant's building as contemplated in the contract between plaintiff and defendant.

The issues submitted by the court were as follows:

1. Was it understood and agreed between plaintiff and defendant that the total cost of the work referred to in the contract of 24 July, 1924, was not to exceed $17,000? Answer: ............

2. If so, was such agreement left out of said contract by the mutual mistake of the parties, as alleged in the answer? Answer: ............

3. In what amount is the defendant indebted to the plaintiff? Answer: ............

At the close of the evidence, the court charged the jury as follows:

"I charge you that if you find the facts to be as testified to by all the witnesses in this case, you will answer the first issue, 'No.'

"You need not answer the second issue, and you will answer the third issue, '$670.56.' "

Defendant duly excepted to the instructions contained in the charge to the jury.

The jury answered the first issue, "No"; did not answer the second issue, and answered the third issue, "$670.56." Defendant excepted to the judgment rendered upon the verdict and appealed therefrom to the Supreme Court.

*Thompson & Wilson for plaintiff.*
*Aydlett & Simpson for defendant.*

CONNOR, J. The defense relied upon by defendant to plaintiff's recovery upon the cause of action set out in the complaint, is that plaintiff has not performed his contract with defendant, in that he has failed to furnish plans and specifications for the work contemplated in accordance with the contract. Defendant alleges that it was expressly understood and agreed that the plans and specifications to be furnished by plaintiff should be so drawn and prepared that the cost of construction in accordance therewith should not exceed $17,000, whereas the lowest bid submitted for the work in accordance with the plans and specifications as furnished by plaintiff exceeded $22,000.

The contract in writing, between plaintiff and defendant, consisting of the proposal and acceptance, does not provide that the cost of construction in accordance with the plans and specifications which the plaintiff agreed to furnish should not exceed the sum of $17,000—indeed, there is no reference in the written contract to any sum as the maximum cost of the work contemplated. The proposal contains the following clause:

"The construction work contemplated shall be as approximately outlined in the preliminary sketches and comprise remodeling the present house with the necessary additions."

Defendant agreed, by his acceptance of plaintiff's proposal, to pay to plaintiff for his services in acting as defendant's adviser, in furnishing plans and specifications for the work contemplated, in drawing the contract, and in supervising generally the construction of a block of six stores to replace the present first floor and two apartments to occupy the second floor of defendant's present residence, corner Road and Main streets, Elizabeth City, N. C., five per cent of the construction cost of said building.

There was evidence to the effect that prior to defendant's acceptance of plaintiff's proposal, as a result of negotiations between them, plaintiff prepared and submitted to defendant preliminary sketches of the

work contemplated, and that after full discussion plaintiff estimated that the cost of construction in accordance with said preliminary sketches would not exceed $17,000; that defendant informed· plaintiff that he would not undertake the remodeling of his building unless the work could be done for a sum not in excess of $17,000; that plaintiff made and submitted figures with the preliminary sketch showing that the cost would not exceed this sum; that after the plans and specifications had been prepared and submitted to defendant by plaintiff, plaintiff assured defendant that the work could be done in accordance with said plans for a sum not in excess of $17,000; that thereupon, by means of advertisements, bids were sought for said building in accordance with said plans and specifications as furnished by plaintiff; that the lowest bid secured for said work exceeded the sum of $22,000; that this bid was rejected by plaintiff, acting for defendant, and that thereupon defendant refused to accept said plans and specifications and declined to proceed further with said work.

There was evidence from which the jury could have found that the entire contract between plaintiff and defendant was not contained in the written proposal and acceptance. The terms of the contract, which defendant contended were not included in the proposal and acceptance, and which the parol evidence tended to establish, do not contradict, vary or add to the terms of the contract as contained in the writing. If, therefore, the jury shall find that the entire contract was not in writing, defendant may by parol evidence establish the terms of said contract, which were not included in the proposal and acceptance.

The plans and specifications which plaintiff proposed, in writing, to furnish for remodeling defendant's building are not definitely and specifically described; the said proposal leaves it doubtful or uncertain as to what the plans and specifications should provide with respect to the building; it is provided that the construction work  contemplated shall be approximately as outlined in the preliminary sketches which had been submitted to defendant by plaintiff. Defendant may therefore show by parol evidence what the agreement was with respect to said plans and specifications. If plaintiff agreed to furnish plans and specifications for work which would not cost to exceed $17,000, defendant may show this agreement, not to contradict, vary or add to the terms contained in the written contract, but to make certain what plans and specifications plaintiff agreed to furnish in order that the jury may find whether those furnished were in compliance with the contract.

"We have no disposition to modify or disregard the settled rules, intended for the 'protection of the provident,' and not for 'the relief of the negligent,' which prohibit the admission of parol evidence to

contradict, add to or vary the terms of a written contract, even where a part of a contract is in writing and a part is in parol, *Moffitt v. Maness,* 102 N. C., 457; but we must adhere to the long line of decisions which hold that where the contract is not one which the law requires to be in writing, and a part is written and a part is not, evidence of the unwritten part, if it does not contradict the writing, is admissible for the purpose of establishing the contract in its entirety. *Twidy v. Saunderson,* 31 N. C., 5; *Manning v. Jones,* 44 N. C., 368; *Daughtry v. Boothe,* 49 N. C., 87; *Braswell v. Pope,* 82 N. C., 57; *Cumming v. Barber,* 99 N. C., 332; *Palmer v. Lowder,* 167 N. C., 333." *Adams, J.,* in *Henderson v. Forrest,* 184 N. C., 230.

"It is a well-established general rule that if the parties reduce their entire contract or agreement to writing, whether under seal or not, the court will not hear parol evidence to vary or change it, unless for fraud, mistake or the like; but if it appear that the entire agreement was not reduced to writing, or if the writing itself leaves it doubtful or uncertain as to what the agreement was, parol evidence is competent, not to contradict, but to show and make certain what was the real agreement between the parties; and in such a case what was meant, is for the jury, under proper instructions from the court." *Davis, J.,* in *Cumming v. Barber,* 99 N. C., 332.

We must hold that the instruction of the court to the jury upon the first issue was erroneous. The assignment of error based upon said exception is sustained.

It may be conceded that there is no evidence from which the jury could have found that the agreement with respect to the maximum cost of the building was omitted by mutual mistake of the parties; defendant's defense, however, is not dependent upon the reformation of the written contract as prayed by him. Plaintiff cannot recover in this action unless the jury shall find that he performed his contract with defendant by furnishing plans and specifications in accordance with his contract. If plaintiff agreed to furnish plans and specifications for remodeling defendant's residence as outlined in the preliminary sketches at a cost not to exceed $17,000, and the cost of doing the work in accordance with the plans and specifications prepared by plaintiff, will exceed the sum of $22,000, plaintiff cannot recover, for he has failed to perform his contract. It is not contended that plaintiff as architect guaranteed that the cost of construction would not exceed $17,000, but that he agreed to furnish plans and specifications in accordance with which the building could be done at a cost not to exceed the sum of $17,000, and that he has failed to furnish such plans and specifications. See *Feltham v. Sharp* (Ga.), 25 S. E., 619.

The exception to the introduction as evidence of a copy of the Kidder-Nolan Handbook, 17th edition, cannot be sustained. It is expressly provided in the contract that this handbook shall be authoritative on any question arising under the contract. If plaintiff has performed his contract with respect to the plans and specifications, and the work was abandoned by defendant, through no fault of plaintiff, plaintiff is entitled to recover, under the contract, a sum equal to 60 per cent of the reasonable cost of doing the work in accordance with the plans and specifications furnished in compliance with the contract.

For the error in the instruction upon the first issue, there must be a New trial.