ROSEMARY MANUFACTURING COMPANY v. ELLISON JEFFERSON AND WIFE, LIZZIE W. JEFFERSON, AND CHARLIE JEFFERSON.

(Filed 27 September, 1939.)

**1. Mortgages § 32e: Limitation of Actions § 2a—**

When the mortgagors admit the execution of the notes secured by the instrument, and it appears that the due date of some of the notes was within ten years prior to the date of foreclosure and the execution of the foreclosure deed, the mortgagors' contention that at the time of foreclosure the power of sale was barred is untenable, and a peremptory instruction on the issue is proper.

**2. Payment §§ 9, 11—**

   Defendant mortgagors contended that at the time of the foreclosure sale the mortgage notes had been paid. *Held:* The burden was on defendants upon the issue of payment, and upon failure of proof of payment to the holders of the notes alleged to have been in default at the time of foreclosure or to their duly authorized agent, a peremptory instruction in favor of the purchaser at the foreclosure sale is without error.

**3. Mortgages §§ 32a, 39g—**

   The trustee's deed establishes *prima facie* right in the purchaser at the foreclosure sale, and therefore in the absence of evidence of notice to the purchaser of any irregularity in the foreclosure or any invalidity in the power of sale or evidence of absence of good faith in acquiring the title, the purchaser is an innocent purchaser for value without notice.

APPEAL by defendants from *Thompson, J.,* at May Term, 1939, of NASH. No error.

Action to recover possession of land. From judgment on verdict in favor of plaintiff, defendants appealed.

*Allsbrook & Benton and Battle & Winslow for plaintiff, appellee.*
*Leon T. Vaughan for defendants, appellants.*

DEVIN, J. The plaintiff derived its title to the land under a deed from the Roanoke Bank & Trust Company, dated 29 December, 1936. The Roanoke Bank & Trust Company purchased at the foreclosure sale under the power contained in a deed of trust executed by defendants to W. L. Long, trustee, dated 19 December, 1923. The trustee's deed, dated 1 July, 1936, recited that the foreclosure sale was occasioned by default having been made in the payment of the debt secured.

The defendants set up two defenses, first, that the power of sale was barred by the statute of limitations, and, second, that the debt had been paid.

It was admitted that defendants had executed the deed of trust to secure their four notes of $417.50 each, under seal, due and payable on 19 December, 1924, to 1927, inclusive, the due dates of the last two notes being within the period of ten years prior to the date of foreclosure and deed. It was also admitted that payments were made on these last notes as late as 1932. Hence, the court properly instructed the jury, if they found the facts to be as shown by the evidence, to answer the issue as to the statute of limitations in favor of the plaintiff.

The four notes were originally given to the Schlicter Lumber Company and were endorsed by the payee to the Rosemary Banking Company. Two of the notes were paid, and the last two were transferred to and held by the Roanoke Bank & Trust Company for several years prior to and at the time of the foreclosure. These notes were produced

at the trial by the cashier of the Roanoke Bank & Trust Company and showed a balance due thereon at date of foreclosure of more than $900.00.

The defendants' testimony in support of their allegation of payment was vague and uncertain, and nearly all of the payments alleged were testified to have been made to R. P. Todd. Todd was not shown to have had any connection with the bank except as borrower, and no proper authority to receive payments for the bank was shown. The plaintiff contended his relation to the transaction was that of holder of the first two notes. In any event, the burden was on the defendants to show payment in full to the holder of the last two notes. This they failed to do.

The plaintiff Rosemary Manufacturing Company was a purchaser for value from the Roanoke Bank & Trust Company, and there was no evidence of notice of any irregularity in the foreclosure, or of alleged invalidity in the power of sale. There was no evidence of connection between plaintiff and either bank or the trustee such as would impugn the *bona fides* of the transaction or show absence of good faith in the acquirement of the title to the land by the plaintiff. The recitals in the recorded deed from the trustee to the Roanoke Bank & Trust Company established *prima facie* right in the purchaser at the foreclosure sale, and the plaintiff as grantee of the purchaser occupied the status of an innocent purchaser for value without notice.

We think the court below properly charged the jury if they found the facts to be as testified and as shown by all the evidence to answer the issue of title in favor of the plaintiff.

The appellants' assignments of error, based on exceptions to the rulings of the court in the admission and exclusion of testimony are without substantial merit and do not warrant the overthrow of the verdict and judgment.

In the trial we find

No error.