IREDELL COUNTY v. MRS. ELIZABETH N. GRAY, JOHN H. GRAY, JR., R. A. COLLIER, TRUSTEE, AND NORTHWESTERN BANK OF STATESVILLE, INC., AND P. P. MARSHALL.

(Filed 3 November, 1965.)

1. **Payment § 4—**

   The burden is upon the party asserting payment to establish this affirmative defense.

2. **Taxation § 39—**

   In this action to enforce tax liens, one of defendants testified that he paid the taxes in cash at a bank to a named person whom he believed to be the attorney for the county at the time. *Held:* In the absence of evidence that the named person was the duly authorized agent of the county to collect and receive taxes, or that the monies paid to this person were ever turned over to the treasury of the county, defendants have failed to establish the affirmative defense of payment, and a directed verdict for the county thereon is without error.

APPEAL by defendants Mrs. Elizabeth N. Gray and John H. Gray, Jr., from *McLean, J.,* 17 March 1965 Regular Civil Session of IREDELL.

Civil action in the nature of an action to foreclose a mortgage to enforce tax liens upon three tracts of real estate for the years 1938, 1939, 1940, 1943, 1945, 1952, and 1953, which taxes are allegedly due on said real estate and unpaid. The complaint alleges that defendant Elizabeth N. Gray and defendant John H. Gray, Jr., her husband, are the owners of these three tracts of real estate, that said real estate is subject to a deed of trust to defendant R. A. Collier, trustee for Peoples Loan and Savings Bank (now Northwestern Bank of Statesville, Inc.), which secures a $35,000 note, and that defendant P. P. Marshall has a lease of said real estate.

The sole answer in the record was filed by defendants Gray. Defendants Gray in their joint answer deny that any taxes for the years 1938, 1939, 1940, 1943, and 1945 are due on this real estate, and allege as a defense that they have paid Iredell County all taxes due on this real estate for these years by making payment of all such taxes to Noel Woodhouse, attorney for plaintiff. In their answer they admit that they owe taxes on this real estate to Iredell County for the years 1952 and 1953 in the amounts alleged in the complaint, and tender payment of such taxes to Iredell County. Prior to the trial of this action defendants Gray paid to Iredell County all taxes on this real estate due for the years 1952 and 1953.

When the case was called for trial, plaintiff and defendants prior to the introduction of evidence entered into a number of stipulations. We set forth below the stipulations relevant and necessary to pass on the appeal:

"5. That if the defendants owe the taxes for either year upon which action was instituted that the correct amount for 1938 would be $148.06; for 1939—$319.73; for 1940—$430.88; for 1943—$404.63; for 1945—$373.90; that an issue as to the amounts is unnecessary.

"6. It is further stipulated and agreed that the following issues are proper:

"1. Have the defendants paid the taxes to Iredell County for the year 1938?

"ANSWER: ................

"2. Have the defendants paid the taxes to Iredell County for the year 1939?

"ANSWER: ................

"3. Have the defendants paid the taxes to Iredell County for the year 1940?

"ANSWER: ................

"4. Have the defendants paid the taxes to Iredell County for the year 1943?

"ANSWER: ................

"5. Have the defendants paid the taxes to Iredell County for the year 1945?

"ANSWER: ................

"The defendants having pleaded payment of these years, the Court holds that the burden of proof is upon the defendants upon each issue."

The issues agreed upon by the parties were submitted to the jury, who answered each one of the five issues, No.

From a judgment in accord with the verdict, defendants Gray appeal.

*Battley & Frank by Jay F. Frank for defendant appellants.*

*Land, Sowers & Avery by William E. Crosswhite for plaintiff appellee.*

PER CURIAM. Plaintiff offered evidence by Mrs. Flossie King, assistant treasurer and tax collector of Iredell County, to the effect that the tax receipts on the above-mentioned three tracts of real estate for the years 1938, 1939, 1940, 1943, and 1945 were still in the tax books in her office. That when taxes are paid, the payor is given a tax receipt from the tax book marked paid, and one receipt is left in the tax book marked paid. That according to the records in her office all the taxes due on this real estate for the above-mentioned years have not been paid. Mrs. King went to work in plaintiff's tax office on 15 September 1947.

Defendant John H. Gray, Jr., testified to the following effect: He paid the taxes for the year 1938 to Mr. Woodhouse in cash at the Peoples Bank. He believes Mr. Woodhouse was attorney for Iredell County at the time. At the same time he also paid Mr. Woodhouse the taxes due on this real estate for the years 1939, 1940, 1943, and 1945. Mr. Woodhouse did not have any tax books and records with him when he paid him these taxes. He never got any tax receipts for paying taxes on this real estate for the above-mentioned years.

Payment is an affirmative defense, and it is well settled in this jurisdiction that the defense of payment must be established by the party pleading it as a defense. 3 Strong's N. C. Index, Payment, § 4.

In *Manufacturing Co. v. Jefferson,* 216 N.C. 230, 4 S.E. 2d 434, defendant mortgagors contended that at the time of the foreclosure sale the mortgage notes had been paid. The Court held, as correctly summarized in the second headnote in our Reports, as follows: "The burden was on defendants upon the issue of payment, and upon failure of proof of payment to the holders of the notes alleged to have been in default at the time of foreclosure or to their duly authorized agent, a peremptory instruction in favor of the purchaser at the foreclosure sale is without error."

In 51 Am. Jur., Taxation, § 948, it is said:

"Taxes should be paid to the officer authorized and designated by law to collect or receive taxes. Payment to such officer operates as a complete discharge thereof, and no proceedings thereafter looking to the collection of the same tax can have any validity. Payment to any other officer is not a discharge of the tax unless the money reaches the proper officer; and if it is embezzled or lost by the officer receiving it, the taxpayer is still liable for the tax. Long acquiescence by the public officials in the collection of the tax by an officer other than the one designated by law will not estop the state from insisting upon the payment of the tax a second time if such officer when he receives the first payment fails to turn in the money to the treasury."

To the same effect, 84 C.J.S., Taxation, § 616.

G. S. 105-375, which was in full force and effect from at least the year 1939 to the present time, reads in relevant part:

"It shall be the duty of each tax collector to employ all lawful means for the collection of all taxes in his hands; to give such bond as may be required of him; to perform such duties in connection with the preparation of the tax records, receipts and stubs as the governing body may direct; to keep adequate records of all collections; and to account for all moneys coming into his hands."

The defense of defendants Gray is payment of the taxes due Iredell County on this real estate for the above-mentioned years to one Woodhouse. Mr. Gray testified: "He was the attorney for the county at that time, I believe." Such testimony is vague and uncertain. Defendants have no evidence that Woodhouse at the time Mr. Gray testified he paid him these taxes was the duly authorized agent of Iredell County to collect or receive for Iredell County taxes on

real property situate therein, or that he had been designated or authorized by Iredell County or by law or by anyone in authority to collect or receive taxes for Iredell County on real property situate therein for these years, or that any money paid by them to Woodhouse for taxes on their real property in Iredell County for the above-mentioned years was ever received by Iredell County, or that Woodhouse ever turned a dollar of it over to the treasury of Iredell County. In the stipulations entered into by the parties prior to the introduction of evidence, Woodhouse is not mentioned. Consequently, in the light of the stipulations by the parties above set forth and all the evidence in the case, the peremptory charge, in favor of Iredell County, given by the court on each issue submitted to the jury is without error, and defendants Gray's assignments of error to the charge in this respect are overruled.

We have examined carefully the one assignment of error as to the admission of evidence, and the other assignments of error to the charge, and they are without merit and are overruled. In the trial below we find

No error.