G. G. LETT, ADMINISTRATOR OF THE ESTATE OF CURLEY LETT, DECEASED v. JAMES A. MARKHAM AND WIFE, MARIE W. MARKHAM.

(Filed 14 January, 1966.)

**1. Payment § 1—**

   Payment is an affirmative defense, and the burden is upon the party alleging payment to prove payment in money or by some other thing given and received in payment.

**2. Payment § 4—**

   This action was instituted by an administrator to recover the balance due on the purchase price of land sold by intestate under contract for the payment of the balance of the purchase price in cash upon delivery of deed or in cash according to a fixed time schedule. Defendant claimed payment of the balance by giving plaintiff's intestate credit on obligations which intestate owed defendant. *Held:* The evidence raised an issue of fact as to payment and it was error for the court to enter judgment of involuntary nonsuit.

APPEAL by plaintiff from *Pless, J.,* February, 1965 Civil Session, WAKE Superior Court.

The plaintiff, in his capacity as administrator of the estate of Curley Lett, instituted this civil action against the defendants to recover the sum of $3,500.00 and interest—balance due on the purchase price of a specifically described tract of land conveyed by plaintiff's intestate to the defendants on August 9, 1962, by deed recorded in the Wake County Registry in Book 1519, p. 424.

The deed was executed and delivered pursuant to the terms of an option dated June 16, 1962, by which Curley Lett agreed to sell the described lands for the sum of $5,000.00. The defendants paid the intestate $100.00 to be retained if the option was not exercised; to be credited on the purchase price if it was. The option provided payment should be "either in cash or upon the following agreed terms: $1,400.00 when option is exercised; $1,000.00 due and payable January 1, 1964, and $1,000.00 each succeeding year until entire amount is paid; $3,500.00 shall bear interest @ six per cent. . . ."

The plaintiff introduced the option, the deed and evidence of his unsuccessful demand for the payment of $3,500.00 and interest. The plaintiff introduced certain admissions from the pleadings and the adverse examination of the defendant, James A. Markham, who admitted he had paid only $1,500.00 in cash, but he testified he had paid the remaining $3,500.00 by the cancellation of indebtedness which the intestate was due him.

At the close of the defendants' evidence the court entered judgment of involuntary nonsuit. The plaintiff excepted and appealed.

*Bunn, Hatch, Little & Bunn by E. Richard Jones, Jr., and Thomas D. Bunn for plaintiff appellant.*
*J. C. Keeter for defendant appellees.*

HIGGINS, J.   The record evidence, consisting of the option and the deed, disclosed the sale of the described lands by the plaintiff's intestate for the sum of $5,000.00, either in cash or upon specific terms: $100.00 cash at the time the option was signed; $1,400.00 in addition to be paid on the day the option was exercised, the balance of $3,500.00 to be in annual payments beginning January 1, 1964. The deed recited a consideration of $10.00 "and other valuable considerations."

The defendant, James A. Markham, by adverse examination, admitted he had paid in cash only the $100.00 for the option and the $1,400.00 the day it was exercised. He claimed in his adverse examination that he had paid the $3,500.00 balance due by giving the plaintiff's intestate credit on obligations which intestate was due him.

The defendant's admission that he had not paid in cash or in accordance with the terms of the option, placed upon him the burden of showing he had paid or accounted to the intestate for the sum of $3,500.00 and interest thereon in satisfaction of the amount due. The contract called for payment in cash on delivery of deed, or in cash according to the fixed time schedule if not paid on delivery of the deed. The admission shows failure to pay in cash as required. "A debtor, claiming payment by the transfer to the creditor of something other than money, has the burden of establishing all the facts necessary to constitute such transfer a payment." 70 C.J.S., Payment, § 96, p. 302. "The defense of payment may be supported either by proof of payment in money or by proof that some other thing was given and received in payment. If the contract is ambiguous or is silent on the medium of payment, parol evidence with respect thereto is admissible. But parol evidence is not admissible where the contract is free from ambiguity upon the question, to

show that payment was to be made in a manner other than that specified in the contract." 40 Am. Jur., Payment, § 294, p. 902. "It is well settled that the plea of payment is an affirmative one and the general rule is that the burden of showing payment must be assumed by the party interposing it." *Finance Co. v. McDonald,* 249 N.C. 72, 105 S.E. 2d 193; *Iredell County v. Gray,* 265 N.C. 542, 144 S.E. 2d 600; *White v. McCarter,* 261 N.C. 362, 134 S.E. 2d 612.

The evidence was sufficient to raise an issue of fact as to the payment of the $3,500.00 and interest. The court committed error in deciding the issue as one of law. The judgment of involuntary nonsuit is

Reversed.