OF

# NORTH CAROLINA

AT

# RALEIGH

SPRING SESSION 1973

WILLIAMS AND ASSOCIATES, ARCHITECTS AND ENGINEERS, A PARTNERSHIP CONSISTING OF J. L. WILLIAMS, R. L. WILLIAMS, J. ANDREW WILLIAMS AND FRANK M. WILLIAMS v. RAMSEY PRODUCTS CORPORATION

No. 7326SC35

(Filed 25 July 1973)

Evidence § 32— contract for architectural services — parol evidence as to size, cost, time of completion

In an action to recover for architects' services rendered pursuant to a written contact, the parol evidence rule was not violated by the admission of testimony as to negotiations held prior to the execution of the contract concerning the size, cost and time of completion of the manufacturing plant and offices that plaintiff architects were to design.

APPEAL by plaintiffs from *Clarkson, Judge,* 8 May 1972 Session of Superior Court held in MECKLENBURG County.

Plaintiffs seek to recover $18,667.32, with interest from 30 December 1969, for architectural services rendered under a "Standard Form of Agreement Between Owner and Architect" executed by plaintiffs and defendant on or about 24 January 1969.

Plaintiffs' evidence tended to show that MacArthur, the president of defendant corporation, sought plaintiffs' services in the design of a new manufacturing plant. Plaintiffs' employee, Rash, a licensed engineer and architect, met with MacArthur and discussed the proposed plant and the services

available from plaintiffs. The agreement was signed after a second meeting. Frank Williams, a partner in plaintiffs' firm, and Rash were placed in charge of the project. Drawings for the "Schematic Design Phase," the "Design Development Phase" and the "Construction Documents Phase" were completed and an estimate of the probable construction costs was generated. This cost estimate was in the amount of $328,650.00 and was presented to defendant along with an invoice for architectural services rendered to date. Rash and MacArthur discussed the estimate and the bill and, at Rash's suggestion, action on the invoice and construction cost was deferred in order to obtain a cost estimate from a contractor. The first estimate was received from McDevitt and Street Construction Company (McDevitt) and was, according to Rash, "so high that [plaintiffs] would not recommend necessarily that a person enter into a negotiated contract based on this proposal." Plaintiffs then sought, and obtained, permission to submit the plans to another contractor. The Laxton Construction Company (Laxton) returned an estimate of $411,300.00 which reflected certain revisions of the plans, including lower ceiling heights. Defendant abandoned the project at this point and has refused to pay plaintiffs' fee. Plaintiffs' evidence also indicated that the written agreement contains no reference to the cost of the project, or its size, location, appearance, type of construction or function other than indicating that the project is to be a new manufacturing plant and offices. The written agreement also states, "The Architect shall consult with the Owner to ascertain the requirements of the Project and shall confirm such requirements to the Owner." Rash testified that the cost of a project is normally "a requirement of the Owner."

Defendant offered evidence, admitted over plaintiffs' objections that the evidence violated the parol evidence rule, to the effect that, prior to the execution of the written agreement, defendant informed plaintiffs that defendant required a new manufacturing plant containing 25,000 square feet and costing $250,000.00. Rash indicated at that time his understanding of this requirement by circling the fee percentage of 6.3 on the standard fee schedule opposite $250,000 and under category "D," "Simple Manufacturing Plants." Rash told MacArthur that the judicious use of materials and workmanship could accomplish striking results for about $10.00 to $11.00 per square foot. After the probable cost estimate of $328,650.00 was submitted, MacArthur met with Rash and reminded him that a

price of $250,000.00 had been agreed upon. Rash indicated that by submitting the construction plans to a contractor, there was an excellent opportunity of obtaining a true cost figure of less than $328,650.00 and MacArthur followed that suggestion. McDevitt's estimate was for $494,000.00. Possible revisions of the plans were discussed and a second contractor, Laxton, estimated construction costs of $468,000.00 under the original plans and $411,300.00 under revised plans. In a letter to defendant, Rash stated that the second of these figures represented a base minimum building for the area enclosed and reduction of price beyond $411,300.00 could only be achieved by reduction of the building size. MacArthur notified plaintiffs in a letter dated 1 December 1969 that he was terminating their arrangement. That letter indicated the project "was to have cost in the neighborhood of $300,000.00, preferably under that. . . ."

The case was tried without a jury and, after making findings of fact and conclusions of law, Judge Clarkson entered an order denying recovery to plaintiffs.

*R. Mayne Albright for plaintiff appellants.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston by Gaston H. Gage and James Y. Preston for defendant appellee.*

VAUGHN, Judge.

Plaintiffs challenge the admission and consideration of parol evidence of negotiations held prior to the execution of the written agreement concerning size, cost and time of completion of the project. Generally, parol evidence may not be considered if its purpose is to vary, add to or contradict a written agreement on matters intended to be covered by the written agreement. As stated in *Neal v. Marrone,* 239 N.C. 73, 77, 79 S.E. 2d 239:

"A contract not required to be in writing may be partly written and partly oral. However, where the parties have deliberately put their engagements in writing in such terms as import a legal obligation free of uncertainty, it is presumed the writing was intended by the parties to represent all their engagements as to the elements dealt with in the writing. Accordingly, all prior and contemporaneous negotiations in respect to those elements are deemed merged

in the written agreement. And the rule is that, in the absence of fraud or mistake or allegation thereof, parol testimony of prior or contemporaneous negotiations or conversations inconsistent with the writing, or which tend to substitute a new and different contract from the one evidenced by the writing, is incompetent."

There has been considerable appellate deliberation on whether parol evidence can be considered in order to prove that the parties to a written contract for an architect's services had agreed that the structure to be designed should be such that it could be erected within a maximum cost limitation. "In the great majority of the cases where the question has been raised the evidence has been held admissible, usually on the ground that the written contract failed to disclose the parties' intention as to the cost of the structure contemplated, and that such contemplated cost was an element which must have entered into the negotiations." Annot., 49 A.L.R., 2d 679, 680 (1956).

The written agreement executed by the parties in this case provides that the architect shall consult with the owner to ascertain the requirements of the project, confirm these requirements to the owner and that the owner shall provide full information regarding his requirements for the project. An examination of the written agreement shows that, other than the statement that it is the intention of the owner to construct a new manufacturing plant and offices referred to as the project, there is no indication of the size, location, style, material, time of completion or cost requirements of the project. We hold, therefore, that the court properly considered parol evidence to determine what the agreement was with respect to these matters. In *Hite v. Aydlett,* 192 N.C. 166, 134 S.E. 419, the Supreme Court held that when an architect agreed to furnish plans and specifications for the project which would not exceed a fixed sum, defendant could show the agreement by parol evidence, not to contradict, vary or add to the terms contained in the written contract, but to make certain what plans the architect agreed to furnish so that the jury could determine whether those furnished were in compliance with the contract. In *Hite* the court held that if the architect agreed to furnish plans for a project not to cost more than $17,000.00 and the cost of doing the work according to the plans proposed by him exceeded $22,000.00, the architect could not recover, for

he failed to perform his contract. *See also* Annot., 20 A.L.R. 3rd 778 (1968), for decisions as to the effect on the compensation of architects where construction costs exceed the agreed maximum cost.

Plaintiffs' able counsel has brought forward numerous assignments of error based on the court's findings of fact. We hold, however, after determining that the court did not err when it considered the parol evidence, that the crucial facts found by the court find support in the evidence and that those facts support the judgment denying both plaintiffs recovery on the express contract and on the theory of *quantum meruit.*

When, as here, parties waive jury trial, the credibility of the witnesses, the probative value of the evidence and the inferences to be drawn therefrom are matters for determination by the judge and have the effect of a jury verdict. If there is some evidence to support the judge's findings they are conclusive on appeal, even though the evidence might support a contrary finding.

Affirmed.

Judges BROCK and MORRIS concur.