198 S.E.2d 67 (1973)
19 N.C. App. 9
WILLIAMS AND ASSOCIATES, ARCHITECTS AND ENGINEERS, a Partnership consisting of J. L. Williams, et al.
v.
RAMSEY PRODUCTS CORPORATION.
No. 7326SC35.
Court of Appeals of North Carolina.
July 25, 1973.
Certiorari Denied October 2, 1973.
*68 R. Mayne Albright, Raleigh, for plaintiff appellants.
*69 Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston by Gaston H. Gage and James Y. Preston, Charlotte, for defendant appellee.
Certiorari Denied by Supreme Court October 2, 1973.
VAUGHN, Judge.
Plaintiffs challenge the admission and consideration of parol evidence of negotiations held prior to the execution of the written agreement concerning size, cost and time of completion of the project. Generally, parol evidence may not be considered if its purpose is to vary, add to or contradict a written agreement on matters intended to be covered by the written agreement. As stated in Neal v. Marrone, 239 N.C. 73, 77, 79 S.E.2d 239, 242:
"A contract not required to be in writing may be partly written and partly oral. However, where the parties have deliberately put their engagements in writing in such terms as import a legal obligation free of uncertainty, it is presumed the writing was intended by the parties to represent all their engagements as to the elements dealt with the writing. Accordingly, all prior and contemporaneous negotiations in respect to those elements are deemed merged in the written agreement. And the rule is that, in the absence of fraud or mistake or allegation thereof, parol testimony of prior or contemporaneous negotiations or conversations inconsistent with the writing, or which tend to substitute a new and different contract from the one evidenced by the writing, is incompetent."
There has been considerable appellate deliberation on whether parol evidence can be considered in order to prove that the parties to a written contract for an architect's services had agreed that the structure to be designed should be such that it could be erected within a maximum cost limitation. "In the great majority of the cases where the question has been raised the evidence has been held admissible, usually on the ground that the written contract failed to disclose the parties' intention as to the cost of the structure contemplated, and that such contemplated cost was an element which must have entered into the negotiations." Annot., 49 A.L.R. 2d 679, 680 (1956).
The written agreement executed by the parties in this case provides that the architect shall consult with the owner to ascertain the requirements of the project, confirm these requirements to the owner and that the owner shall provide full information regarding his requirements for the project. An examination of the written agreement shows that, other than the statement that it is the intention of the owner to construct a new manufacturing plant and offices referred to as the project, there is no indication of the size, location, style, material, time of completion or cost requirements of the project. We hold, therefore, that the court properly considered parol evidence to determine what the agreement was with respect to these matters. In Hite v. Aydlett, 192 N.C. 166, 134 S.E. 419, the Supreme Court held that when an architect agreed to furnish plans and specifications for the project which would not exceed a fixed sum, defendant could show the agreement by parol evidence, not to contradict, vary or add to the terms contained in the written contract, but to make certain what plans the architect agreed to furnish so that the jury could determine whether those furnished were in compliance with the contract. In Hite the court held that if the architect agreed to furnish plans for a project not to cost more than $17,000.00 and the cost of doing the work according to the plans proposed by him exceeded $22,000.00, the architect could not recover, for he failed to perform his contract. See also Annot., 20 A.L.R. 3rd 778 (1968), for decisions as to the effect on the compensation of architects where construction costs exceed the agreed maximum cost.
Plaintiffs' able counsel has brought forward numerous assignments of error based on the court's findings of fact. We *70 hold, however, after determining that the court did not err when it considered the parol evidence, that the crucial facts found by the court find support in the evidence and that those facts support the judgment denying both plaintiffs' recovery on the express contract and on the theory of quantum meruit.
When, as here, parties waive jury trial, the credibility of the witnesses, the probative value of the evidence and the inferences to be drawn therefrom are matters for determination by the judge and have the effect of a jury verdict. If there is some evidence to support the judge's findings they are conclusive on appeal, even though the evidence might support a contrary finding.
Affirmed.
BROCK and MORRIS, JJ., concur.