RECREATIVES, INCORPORATED v. TRAVEL-ON MOTORCYCLES
CO., INC.

No. 7615DC13

(Filed 16 June 1976)

1. **Uniform Commercial Code § 13— "or return" consignment provision — engrafting onto paper writing by parol evidence improper**

   Pursuant to the U.C.C. as adopted in N. C., parol evidence cannot be introduced to engraft an "or return" consignment provision onto a paper writing. G.S. 25-2-326 (4).

2. **Uniform Commercial Code § 13— contract to purchase motorcycles — parol evidence changing contract inadmissible**

   In an action to recover for alleged nonpayment for two motorcycles sold to defendant pursuant to a purported "contract of purchase," the trial court did not err in refusing to allow defendant's parol evidence indicating a consignment arrangement between the parties, since such testimony would change the basic meaning of this contract and produce an agreement wholly different, inconsistent with and opposite from that which was in fact reduced to writing.

3. **Uniform Commercial Code § 13— paper writing embodying entire agreement — parol evidence inadmissible**

   Where the parties stated in their contract that "this instrument embodies the entire agreement and understanding of the parties," defendant could not introduce parol evidence at trial to vary the terms of the contract. G.S. 25-2-202(b).

4. **Rules of Civil Procedure § 8; Payment § 4— plea of payment — affirmative defense**

   It is well settled that the plea of payment is an affirmative one and the general rule is that the burden of showing payment must be assumed by the party interposing it.

APPEAL by defendant from *Allen, Judge*. Judgment entered 29 August 1975 in District Court, ORANGE County. Heard in the Court of Appeals 14 April 1976.

Plaintiff, a corporate wholesale dealer for "Max All Terrain [motorcycle] vehicles and parts," sued the defendant retail dealer for alleged nonpayment for two motorcycles sold to defendant pursuant to a purported "contract of purchase." Plaintiff prayed for recovery of the unpaid balance.

Defendant, denying plaintiff's substantive allegations, answered, inter alia, that the sales arrangement was based on a consignment contract and that it, therefore, owed plaintiff nothing pending the retail sale of the vehicles.

Tried without a jury, plaintiff presented evidence and supporting documentation tending to show that the purchase was effected under a purportedly straight-forward contract of purchase. According to the purported contract, introduced as plaintiff's "Exhibit 1," the parties entered into a "PURCHASE ORDER" under which the vehicles were "SOLD TO" the defendant. The alleged "Contract" stated, inter alia, that

"All units ordered today are subject to the following terms and prices.

Suggested List Price ......................................................$1595
Dealer Price — Net 90 days .......................................$1196

Dealer Price
Cash Discounts

If paid within 10 days of invoice date deduct $40—
    your price $1156
If paid within 30 days of invoice date deduct $25—
    your price $1171
If paid within 60 days of invoice date deduct $15—
    your price $1181
If paid within 90 days of invoice date NET DUE—
    your price $1196

Floor Plan

Beyond the initial 90 day period a 90 day floor plan is available. Interest will be charged and is payable monthly at the rate of 1½ per cent per month (18 per cent annual percentage rate). This interest charge is calculated in full starting with the first day of each 30 day period of the floor plan.

All vehicles must be paid in full by 180 days from date of invoice, or immediately upon retail sale or rental of vehicle, whichever shall occur first.

(All prices f.o.b. Buffalo Factory and exclusive of sales tax)."

Moreover, the agreement established rights regarding title, parts and accessories, pre-delivery and warranty, and stated that "[t]his instrument embodies the entire agreement and understanding of the parties."

Recreatives, Inc. v. Motorcycles Co.

Defendant tried to introduce parol evidence indicating a consignment arrangement, but the testimony was excluded by the court.

From judgment for plaintiff, defendant appealed.

Other facts necessary for decision are set forth below.

*George E. Hunt and John H. Snyder for plaintiff appellee.*

*Harris, Ruis & Mulligan, by Ronald H. Ruis, for defendant appellant.*

MORRIS, Judge.

Defendant appellant, contending that the trial court erred in excluding its tendered parol evidence, essentially argues that the contract was a consignment sale agreement under a "sale or return" arrangement and further maintains that the proposed " . . . oral testimony sought to be introduced was not for the purpose of contradicting the paper writing but rather for the purpose of showing that the paper writing was NOT THE CONTRACT between the parties." We find no merit to defendant's contention.

[1] Pursuant to the Uniform Commercial Code, as adopted in North Carolina, parol evidence cannot be introduced to engraft an "or return" consignment provision onto a paper writing. See G.S. 25-2-326 (4). As the North Carolina Comment to subsection (4) of G.S. 25-2-326 states

". . . any 'or return' provision is so definitely at odds with any ordinary contract for the sale of goods that where written agreements are involved the 'or return' provision must be contained in a written memorandum. It contradicts the 'sale' aspect of the contract within the parol evidence rule. While North Carolina did not have the statute of frauds as to contracts for the sale of personal property, it did have the parol evidence rule. Subsection (4) accords with the case of *Shoop Family Medicine Co. v. Davenport*, 163 N.C. 294, 79 S.E. 602 (1913) and *Shoop Medicine Co. v. J. A. Mizell & Co.*, 148 N.C. 384, 62 S.E. 511 (1908). Where there is a written contract of sale the buyer may not introduce parol agreement allowing return of the article purchased not contained in the written agreement. The UCC provision accords in result with prior North Carolina law."

[2] Here, the contract, when read completely, contextually and critically, indicates no ambiguity and clearly embodied the final and exclusive agreement. Thus, its meaning will not be altered or contradicted by parol evidence tending to distort the expressly stated written understandings of the parties. See G.S. 25-2-202; G.S. 25-1-205(1) through (4). This tendered oral testimony, if admitted, would change the basic meaning of this contract and produce an agreement wholly different, inconsistent with and opposite from that which was in fact reduced to writing. Such a result was not intended by the rules of parol evidence as embodied in the applicable provisions of the Uniform Commercial Code.

More specifically, a careful reading of G.S. 25-2-202 and 25-1-205 indicates that the rules regarding admissibility of parol evidence are grounded on the proposition that the particular tendered parol evidence will serve to explain, clarify and supplement the written considerations stipulated in the contract and that such oral statements will not be used to contradict the written provisions.

[3] Moreover, G.S. 25-2-202(b) provides that the explanatory or supplemental information is not to be admitted when the " . . . court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement." Here, the parties so stated in their contract and the defendant is bound by its president's signature.

[4] Defendant further contends that the court erred in refusing to dismiss the action upon the ground that plaintiff had failed to prove nonpayment, and that the court failed to find as a fact that defendant had not paid. G.S. 1A-1, Rule 8(c), specifically provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively . . . payment. . . . " The rule incorporates a long-standing rule of practice in North Carolina. " 'It is well settled that the plea of payment is an affirmative one and the general rule is that the burden of showing payment must be assumed by the party interposing it.' " (Citations omitted.) *Lett v. Markham*, 266 N.C. 318, 320, 145 S.E. 2d 907 (1966). Defendant did not plead payment as a defense, nor did he introduce evidence of payment. His argument that plaintiff introduced evidence with respect to payment is feckless. There was testimony by defendant's former president, testifying for plaintiff as an adverse witness, that he did

Construction Co. v. Development Corp.

not know whether payment had been made on the vehicles. This is certainly not sufficient to place the burden on plaintiff of going forward with the evidence as to payment. The court in advising counsel what facts should be incorporated in the judgment, clearly stated to defendant that payment is an affirmative defense and no proof of payment had been made. In our view, defendant has no cause to complain.

We have reviewed all other contentions of defendant and find them to be without merit.

Affirmed.

Judges PARKER and MARTIN concur.