EQUITABLE FACTORS COMPANY, PLAINTIFF v. CHAPMAN-HARKEY COMPANY, DEFENDANT

No. 7826SC1092

(Filed 2 October 1979)

1. **Uniform Commercial Code §§ 8, 9— "guaranteed sales basis"—compliance with statute of frauds—admissibility of parol evidence**

In an action to recover the purchase price of goods sold to defendant, a letter from the agent of plaintiff's assignor which identified it as an agent and which stated that at the time of the sale it was agreed by the assignor that the goods were sold on a "guaranteed sales basis" was sufficient to comply with the statute of frauds and to make evidence of the guaranteed sales agreement admissible under the parol evidence rule; furthermore, under G.S. 25-9-318 defendant could use the "guaranteed sales basis" term as a defense even though the defense did not become available until after notification that the account had been assigned. G.S. 25-2-201; G.S. 25-2-202; G.S. 25-2-326(4).

2. **Uniform Commercial Code § 22— action to recover cost of goods—cost of television advertising—buyer's right to set off**

In an action to recover the purchase price of goods sold to defendant, the trial court erred in entering summary judgment for plaintiff where there was a genuine issue as to whether defendant was entitled to set off the cost of television advertising against the sales price.

APPEAL by defendant from *Johnson, Judge.* Judgment entered 21 September 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 28 August 1979.

This is an action for the purchase price of goods sold to the defendant. On 20 April 1976 defendant signed an order for the purchase from A. G. Bond Company of a quantity of "hang-ups" at a total cost of $13,378.56. On the face of the purchase order were the words "Please confirm all t.v. before shipping order." The "hang-ups" were shipped to defendant on 11 May 1976. By an invoice received by defendant on 17 May 1976, A. G. Bond Company notified defendant it had assigned the account for this sale to Equitable Factors Company. In May 1976, the defendant received the following letter:

May 19, 1976

Chapman Harkey Company, Inc.
1300 South Boulevard
Charlotte, N.C. 28203

Attn: Mr. Thomas R. Davis

Gentlemen:

On or about April 20, 1976, acting as sales representative for A. G. Bond Company, I sold merchandise to your company. This toy merchandise is known as Hang-Ups.

At the time of the sale it was agreed by Mr. Ron Richard, Vice President of Marketing of the A. G. Bond Company, and myself, that the merchandise was being sold to you on a guaranteed sale basis.

In addition, it was agreed by Mr. Ron Richards and me, that proceeds from the sales of "Hang Ups" could be used to pay for television advertising cost. The orders for the television time was placed by the A. G. Bond Company through R. & W. Advertising Agency of Charlotte, North Carolina.

If we can assist you further in this matter, please let me know.

Very truly yours,

MAZO & MILLER, INC.

/s/ Gene Miller
Gene W. Miller

Defendant pleaded that it had ordered the "hang-ups" on a "guaranteed sales basis," that is, that defendant would return to Bond for credit all "hang-ups" which it did not sell. The defendant pleaded further that A. G. Bond Company had agreed that up to $9,000.00 would be paid from the purchase price toward television promotional time. Defendant alleged that it had in its possession "hang-ups" worth $5,753.28 and that it had expended $9,060.00 on television advertising.

Plaintiff made a motion for summary judgment and relied on the pleadings and discovery which it had made. In opposition to the motion, defendant relied on its answer, answers to discovery, which included the letter signed by Gene Miller, and an affidavit.

The court granted summary judgment for the plaintiff, reciting that "evidence concerning an alleged guaranteed sale provision would not be admissible in that it is not in writing."

Defendant appealed.

*Fairley, Hamrick, Monteith and Cobb, by Laurence A. Cobb, for plaintiff appellee.*

*Joseph L. Barrier for defendant appellant.*

WEBB, Judge.

We hold that the papers relied on by the parties in this case show that there is a genuine issue of a material fact. The pleadings of defendant raise two defenses to the claim of plaintiff. They are (1) the goods were sold on a "guaranteed sales basis" and (2) certain advertising bills were to be paid from the proceeds of the sale.

[1] We discuss first the "guaranteed sale basis." Under the Uniform Commercial Code there is a statute of frauds, G.S. 25-2-201, and a parol evidence rule, G.S. 25-2-202, which are made applicable to the case sub judice by G.S. 25-2-326(4) which provides:

> Any "or return" term of a contract for sale is to be treated as a separate contract for sale within the statute of frauds section of this article (§ 25-2-201) and as contradicting the sale aspect of the contract within the provisions of this article on parol or extrinsic evidence (§ 25-2-202).

It seems clear that the letter from Gene Miller to defendant in which Mr. Miller identified his company as the agent of A. G. Bond Company and stated that at the time of the sale it was agreed by A. G. Bond Company that the "hang-ups" were sold on a "guaranteed sales basis" is enough to comply with the statute of frauds and to make evidence of the guaranteed sales agreement admissible under the parol evidence rule.

The question then becomes whether defendant is barred from offering evidence as to the "guaranteed sales basis" by G.S. 25-9-318 which provides:

(1) Unless an account debtor has made an enforceable agreement not to assert defenses or claims arising out of a sale as provided in G.S. 25-9-206 the rights of an assignee are subject to

(a) all the terms of the contract between the account debtor and assignor and any defense or claim arising therefrom; and

(b) any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives notification of the assignment.

The question is whether, under G.S. 25-9-318, the defendant may use the "guaranteed sales basis" term as a defense when the defense did not become available until after notification that the account had been assigned. This is a case of first impression. We hold that the purchase order constitutes part of the terms of the contract and the letter of Gene Miller contains the rest. The defense of a "guaranteed sale" arises from the part of the contract represented by the letter. It may be used as a defense under G.S. 25-9-318(1)(a) although defendant was notified of the assignment before it received the letter from Gene Miller. *See* 4 Anderson, Uniform Commercial Code 2d, § 9-318.1 (1971). It is true that G.S. 25-2-326 states an "or return" term is to be treated as a separate contract of sale under the statute of frauds section, G.S. 25-2-201. It could be argued that since the "guaranteed sales basis" is considered a separate contract, it cannot be one of the terms of the contract under G.S. 25-9-318(1)(a). It is one thing to be considered a separate contract for purposes of the statute of frauds and yet another to be considered a separate contract for

other purposes—including those enumerated in G.S. 25-9-318. To meet the requirements of the statute of frauds, and thus to satisfy G.S. 25-2-326, the "or return" provision must be in writing to be enforceable. The letter from Gene Miller satisfies these provisions. G.S. 25-9-318 does not require that the letter of Gene Miller be treated as a separate contract. For purposes of a defense under that section, it is a part of the contract between A. G. Bond Company and the defendant.

[2]   The defendant has also pleaded that it is entitled to set off the cost of television advertising against the sales price. For the same reasons we have held there is a genuine issue as to the "guaranteed sales" agreement, there is also a genuine issue as to the payment for television time. In addition to this, there was written on the face of the purchase order "Please confirm all t.v. before shipping order." Parol evidence is admissible to explain the meaning of this statement. *Williams and Associates v. Ramsey Products Corp.*, 19 N.C. App. 1, 198 S.E. 2d 67 (1973). If the evidence as to the payment for television time is what the defendant contends it will be, it will not contradict the written contract.

For another case interpreting G.S. 25-2-326(4), *see Recreatives, Inc. v. Motorcycles Co., Inc.*, 29 N.C. App. 727, 225 S.E. 2d 637 (1976).

The appellant also assigns as error the denial of its motion to dismiss the action on the ground of improper service of the summons and complaint. This assignment of error is overruled.

Reversed and remanded.

Judges MARTIN (Robert M.) and CLARK concur.